STATE OF INDIANA v. HATFIELD.

[No. 30,906. Filed May 13, 1968.]

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellant.

*F. Leroy Wiltrout,* and *Philip E. Byron, Jr.,* of Elkhart, for appellee.

PER CURIAM.—This is an appeal resulting from the filing of a petition for a writ of error coram nobis in the Elkhart Superior Court on April 19, 1963. The hearing on the petition

was heard on December 3, 1964 and the court on the 21st day of October, 1965 rendered judgment, granting the petitioner a new trial.

In the meantime (September 11, 1963), Rule 2-40 of this Court was amended providing in substance that actions for writs of error coram nobis were abolished, and in their place and stead, post-conviction reviews should be pursued through the filing of a motion (belated or timely) for a new trial.

The appellee-Hatfield previously had been convicted following a jury trial of murder in the first degree of his wife, and sentenced to death. This Court affirmed that conviction in which several of the same issues now raised by him in this appeal from a post-conviction review were reviewed and disposed of. *Hatfield* v. *State* (1962), 243 Ind. 279, 183 N. E. 2d 198.

The appellee has filed an amended motion to dismiss on a number of grounds including a defective transcript, an apparently misplaced praecipe which is outside the certification of a transcript, and a failure to file within the time limits fixed by Rule 2-40A, the appeal in this case. Judgment was rendered in this case on October 21, 1965. The time within which a review can be had before the Supreme Court is fixed at 60 days from the time of the rendition of the judgment under Rule 2-40A in effect at the time. A transcript was filed on January 17, 1966, and thus too late. *Hayden* v. *State* (1964), 245 Ind. 591, 199 N. E. 2d 102, Reh. den. 201 N. E. 2d 329. This appeal is dismissed.

NOTE.—Reported in 236 N. E. 2d 596.