John W. KIZER, Appellant,

v.

STATE of Indiana, Appellee.

No. 681S159.

Supreme Court of Indiana.

July 19, 1982.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

John W. Kizer, the defendant-appellant, was convicted by a jury of robbery, a class A felony, Ind.Code Ann. § 35–42–5–1 (Burns 1979), and confinement, a class B felony, Ind.Code Ann. § 35–42–3–3 (Burns 1979). He was sentenced to thirty years' imprisonment for the robbery and ten years' imprisonment for the confinement, the terms to be served concurrently. This appeal follows the denial of the motion to correct error and presents the sole issue of whether wholly circumstantial evidence presented by the State at trial was sufficient to overcome every reasonable hypothesis of innocence.

The evidence from the record supporting the jury's verdict shows that on February 7, 1980, the defendant forced his way into Lynn Bryant's car as she parked it in a parking lot, and demanded at knifepoint that she give him the keys. He drove with her around Allen County for about twenty minutes. When Bryant had a chance to flee, the defendant slashed her hand as she left the car, and he sped off with her purse.

The defendant argues that the evidence was insufficient to support the conviction. He summarizes this insufficiency as follows:

Bryant was unable to identify him as the man who abducted her. She identified a watch taken from the defendant as similar to the watch worn by the abductor. Witnesses who testified that they observed Bryant's car being driven in an erratic manner were unable to identify the defendant as the driver of the car. Witnesses who observed a man at the place where Bryant's car was found abandoned were also unable to identify him as the defendant. The

State and the defense produced witnesses who testified that the defendant was at the scene of the abduction. The State produced evidence that showed that heel marks found in the snow at the parking lot could have come from shoes taken from the defendant. A fingerprint expert testified that fingerprints on the rearview mirror matched fingerprints of the defendant. The fingerprint evidence, defendant argues, is "substantially diluted by the fact that there were a number of other latent prints on the mirror which were not identified nor attempted to be identified."

The defendant contends that this circumstantial evidence did not "overcome every reasonable hypothesis of innocence," citing *Miller v. State*, (1968) 250 Ind. 338, 236 N.E.2d 173; and *Easton v. State*, (1967) 248 Ind. 338, 228 N.E.2d 6, and was therefore insufficient.

■ This claim confuses the law which governs trial courts with that which governs the scope of appellate review. A defendant is entitled to an instruction to the jury that in order to convict on the basis of circumstantial evidence it must find that the evidence excludes every reasonable hypothesis of innocence beyond a reasonable doubt. *Spears v. State*, (1980) Ind., 401 N.E.2d 331. On appeal, however, an appellate court does not use the test of exclusion of every reasonable hypothesis of innocence as the standard for review of sufficiency claims.

> "Where the evidence of guilt is essentially circumstantial the question for the reviewing court is whether reasonable minds could reach the inferences drawn by the jury; if so, there is sufficient evidence." *Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042, 1080.

See also *Spears v. State, supra; Parks v. State*, (1979) Ind., 389 N.E.2d 286; *Ruetz v. State*, (1978) 268 Ind. 42, 373 N.E.2d 152; *Gears v. State*, (1931) 203 Ind. 380, 180 N.E. 585.

■ The evidence included the following. The defendant was at the scene of the abduction. He explained that he had driven his sister to work, that his car broke down, and that he had to have an old friend drive him home. He did not remember the name of the friend, or where he lived. The victim testified that the watch worn by the abductor, who wore a ski mask covering most of his face, had a blue face, like the one taken from the defendant upon his arrest. Fingerprint evidence placed the defendant in Bryant's car, and Bryant testified that she had never met the defendant before. Heel marks found in the snow at the point of the abduction were similar to heels on the shoes worn by the defendant.

Reasonable minds could reach the inferences drawn by the jury from the evidence marshalled by the State.

■ Conceding that a fingerprint found in the place where a crime has been committed may, alone, support a conviction, *Shuemak v. State*, (1970) 254 Ind. 117, 258 N.E.2d 158, the defendant further argues that this proposition is limited by the potential access of a defendant to the area where the fingerprint was found. He contends that in order for a fingerprint to support a conviction there must be substantial evidence that the area or object upon which the fingerprint was found was wholly inaccessible to a defendant, and that proof of such inaccessibility is an affirmative burden upon the State, citing a North Carolina case, *State v. Scott*, (1979) 296 N.C. 519, 251 S.E.2d 414; and a Mississippi case, *McClain v. State*, (1945) 198 Miss. 831, 24 So.2d 15.

The proposition and rule on the affirmative burden of proof regarding fingerprint evidence is not the law in Indiana. Even if it were, the victim's statement that she had never met the defendant supports the inference that he did not have access to her car on any occasion other than the abduction.

The evidence was sufficient and the conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.