**Rick LOVELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 283S70.

Supreme Court of Indiana.

Feb. 22, 1985.

Mark S. Fraundorfer, Public Defender, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of battery, a class C felony, Ind.Code § 35–42–2–1 (Burns Supp. 1984) and attempted murder, a class A felony, Ind.Code §§ 35–41–5–1 and 35–42–1–1(1) (Burns 1979). The trial court found that battery was a lesser included offense of attempted murder and sentenced the Defendant to thirty (30) years imprisonment upon the attempted murder conviction. The only issue presented by the Defendant in this direct appeal is whether sufficient evidence was presented to overcome his motion for a directed verdict and to sustain the conviction.

The record discloses that on September 18, 1981, at approximately 8:30 p.m., the Defendant arrived at the Railroad Crossing Tavern in Tipton, Indiana. The victim, Mary Welch, arrived at the same tavern at approximately 9:30 on the same evening accompanied by a friend, Randy McDaniel. The Defendant and Welch were subsequently introduced to each other and spent much of the evening socializing, drinking, and dancing together.

On September 19, 1981, at approximately 1:00 a.m., the Defendant and Welch were observed leaving the tavern either together or at about the same time. No witnesses observed where the Defendant or Welch went upon leaving the tavern. In his statement to the police, Defendant stated that he went to a nearby service station to aid a motorist. Welch apparently went toward her automobile. Approximately twenty (20) minutes later, Defendant returned alone to the tavern and sat with another patron. He stated that he thought that Welch had either gone home or returned to the tavern. At about 1:45 a.m., Defendant announced that he was leaving to pick up his daughter. In the interim, McDaniel had left the tavern to look for Welch, whom he found behind the north end of the building. She was in a seriously injured condition as the result of several slash wounds. He returned to the tavern to summon help; and, after the police arrived, he pointed out the Defendant as a person who, in his opinion, might have committed the attack. The Defendant was stopped and searched by the police who found a pocket knife in a knife holder on his belt. He was then taken into custody, and his clothing and knife holder were subsequently seized. The Defendant and the State agree that the following additional evidence was presented to the jury: (1) there was a trace of blood on the Defendant's knife holder, but it was of insufficient quantity to determine if it was of human origin; (2) there was a trace of human blood on Defendant's pock-

et knife, but it was of insufficient quantity to match it with any particular person; (3) blood traces found on Defendant's shirt, pants, and shoes were consistent with the type of blood found on the victim's blouse and were not consistent with the Defendant's blood sample; (4) police found footprints in the soil located approximately 105 feet south of the location where the victim was found, and the pattern of the footprints was similar to the pattern of the soles of Defendant's tennis shoes; (5) burrs on Defendant's socks were of the same common type as those on a plant growing behind the service station adjacent to the tavern; (6) Welch could not, either before or at trial, identify her attacker whom she said she had never seen before, although she had pointed out the Defendant in a pre-trial lineup as someone who looked familiar and frightened her.

The victim testified that she remembered seeing her assailant standing by the corner of the tavern. When asked if she could describe this person, she stated, "The only thing that I can describe about him is checkered shirt umm, bluejeans, a beard, a big belly, a belt, a knife and I see a pair of black shoes." She further stated that she saw her assailant's knife on his belt and that as he stabbed her she ran, although she did not remember in what direction she had run. At the time police took the Defendant into custody he was wearing blue jeans, a checkered jacket over a T-shirt, and blue tennis shoes. Several witnesses testified that between the date of the crime and the date of the trial, the Defendant had shaved his beard, cut his hair, and lost quite a bit of weight.

The State argues that the above direct and circumstantial evidence is sufficient to sustain the trial court's ruling on Defendant's motion for a directed verdict and to sustain the conviction. The Defendant argues that the evidence is insufficient to establish that he was Welch's assailant.

▆▆▆ With regard to Defendant's claim that the court should have granted his motion for a directed verdict made at the close of the State's case, we note that he failed to preserve error on this issue inasmuch as he did not stand upon his motion but introduced evidence in his defense. *Hobson v. State*, (1984) Ind., 471 N.E.2d 281, 285.

▆▆▆ With regard to his challenge to the sufficiency of the evidence, we apply the following standard of review:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (citations omitted).

*Loyd v. State*, (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Defendant's claim that because the evidence was largely circumstantial it was not sufficient to identify him as Welch's assailant is without merit. This Court need not find that the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom which supports the verdict. *McCann v. State*, (1984) Ind., 466 N.E.2d 421, 423 and cases cited therein. Here we find that the State produced sufficient substantial evidence of probative value from which the jury could reasonably conclude that the Defendant committed the crime. He had been introduced to the victim on the evening preceding the crime and had spent much of the evening with her. The two of them left the tavern either together or at about the same time. The Defendant returned to the tavern alone after having been gone for approximately twenty minutes, although in his statement made to police shortly after the crime and admitted into evidence without objection as State's Exhibit No. 14, he said that he was gone no more than five minutes. This inconsistency tends to render suspect his story that he assisted a motorist during the time he was gone. The victim was discovered shortly

thereafter, and, as the Defendant was leaving the tavern, the police stopped him and confiscated his knife. The clothing that Defendant was wearing at this time was later confiscated and was very similar to the clothing the victim described as having been worn by her assailant. Subsequent tests on Defendant's knife and clothing disclosed human blood on the knife as well as upon his pants, shirt, and shoes. That found upon his pants, shirt, and shoes was consistent with the type of blood on the victim's blouse but was not consistent with the Defendant's blood type. In addition, footprints which were made by shoes similar to those worn by the Defendant were found near the victim's body, and burrs removed from Defendant's socks were of the type found on plants growing nearby.

Despite the fact that the victim was unable to identify her attacker, we find that the evidence was sufficient, under our standard of review. The traces of human blood consistent with the victim's blood type but inconsistent with that of the Defendant is, in our view, the determining factor. But for that evidence, the evidence would give rise only to a suspicion. With it, however, we cannot say that no reasonable person could have found, from the evidence and beyond a reasonable doubt, that it was Defendant who attacked the victim. *Loyd v. State*, 272 Ind. at 405–408, 398 N.E.2d at 1263–1265; *Baum v. State*, (1976) 264 Ind. 421, 426–427, 345 N.E.2d 831, 834–835.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.