**Tom John STEELE, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 384S106.**

Supreme Court of Indiana.

April 3, 1985.

Daniel Toomey, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Tom John Steele, Jr., was found guilty of Burglary, a class B felony, by a jury in the Superior Court of Lake County. The Honorable James E. Letsinger subsequently sentenced Appel-

lant to a term of fourteen (14) years imprisonment. Appellant now directly appeals and raises the following two issues:

1. sufficiency of the evidence; and

2. a manifestly unreasonable sentence.

On September 21, 1982, Corlyss Mohler left her home at approximately 6:30 p.m. While she was gone Appellant was observed in the backyard of her home by Charles Fortenberry, who had known Appellant for approximately five years.

When Corlyss Mohler returned around 10:30 p.m., she found her jewelry box in disarray and two rings, a pendant watch, and fifty ($50.00) to sixty ($60.00) dollars missing. When she left earlier, the windows and doors were securely locked. Upon discovering the jewelry box, she called the police.

That same evening Appellant gave two (2) rings to his girlfriend, Cheryl Parker, which were later identified by the victim as those stolen. After an argument with Appellant, Parker delivered the rings to the police. At the same time she gave a Statement in which she stated Appellant had given her the rings, which he admittedly had stolen in a burglary.

## I

Appellant first argues there was insufficient evidence of probative value to identify him as being the person who burglarized the dwelling of Corlyss Mohler. In support of his contention Appellant claims the trial court erred thrice by admitting testimony establishing the Appellant as the burglar. Appellant alleges that all of the evidence identifying him as the burglar consisted of the following testimony: Cheryl Parker's testimony that Appellant admitted committing the burglary in issue and testimony by two other witnesses about a fingerprint comparison. Evidence of the fingerprint comparison showed a fingerprint impression, lifted from the jewelry box which contained the stolen rings, matched ink fingerprint impressions made by Appellant after the burglary. The testimony of these three witnesses, Appellant argues, was in-admissible, and therefore insufficient evidence supported the burglary conviction. However, not only was the trial court acting properly by admitting the evidence Appellant argues should have been excluded, but there was other evidence introduced at trial establishing Appellant as the burglar which, taken together, sufficiently supports the conviction.

■ In support of his contention that insufficient evidence existed to identify him as the burglar, Appellant argues that Cheryl Parker's statement concerning Appellant's admission to her of committing the burglary was inadmissible hearsay. According to Appellant, the trial court erred by allowing the jury to consider Parker's testimony as substantive evidence.

On February 10, 1983, Cheryl Parker gave the police two rings Appellant had given her. The rings were identified by Corlyss Mohler as those stolen from her home the night of September 21, 1982. While at the police station, Parker gave Officer Burris a Statement which, inter alia, mentioned Appellant had admitted to her he had stolen the rings in the burglary of which he was suspected. During trial Parker admitted giving the Statement to Officer Burris and that it was true at the time she made it. Parker's signature also appeared on the Statement as verifying she had read the Statement and it was true and accurate. However, at trial she could not recall giving the declaration concerning Appellant's admission. Further, she could not recall whether Appellant had actually told her he had committed the burglary.

Appellant contends the trial court erred by admitting Cheryl Parker's out-of-court statement made to Officer Burris, which the court permitted to be considered as substantive evidence upon the authority of *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482. In support of this contention Appellant cites *Watkins v. State*, (1983) Ind., 446 N.E.2d 949, 960 wherein we stated:

"... when the witness (out of court declarant) denies having made the statement in question or denies having any

memory of having done so, the statement is inadmissible *as substantive evidence,* because it obviously cannot be cross-examined."

Accordingly, Appellant argues that since Parker denied having any memory of making the declaration in the Statement regarding Appellant's admission to her, the declaration was inadmissible. We do not agree.

In *Watkins,* the witness, whose Statement made to the police was sought to be excluded under the *Patterson* rule, denied having made the prior Statement and denied any recollection of having done so. Nonetheless, we held the trial court did not err by admitting her Statement. We said of the witness in *Watkins:*

> "... although her testimony might be interpreted as such a denial, in part, or a claim of no recollection, in part, that conclusion is not compelled. Whether or not Debra [the witness] denied having given the October 14th Statement or professed no memory of having done so or whether she admitted giving it had to be determined by the trial court judge, from all of her testimony and not merely from isolated bits and pieces."

We continued in *Watkins* to survey the testimony given by the witness and found the trial court had been confronted with conflicting evidence from the witness. We concluded as follows:

> "Although Debra [the witness] in response to some questions with respect to certain of the declarations contained in the statement had memory lapses or issued denials, a fair interpretation from all of her testimony was that she was professing no memory of the events or was denying that she had observed them rather than questioning or denying that she had made the declaration in question.... These conflicts were to be resolved by the trial judge in determining whether or not that pertinent portion of the statement was admissible as substantive evidence." *Id.,* Ind., 446 N.E.2d at 960.

Likewise, although Cheryl Parker's testimony, in the case before us, might be interpreted as a denial, in part, that conclusion is not compelled. Whether Parker denied having given the declaration of Appellant's admission to Officer Burris, or claimed no memory of having done so or whether she admitted giving it had to be determined by the trial judge from all the evidence.

It is clear the trial judge was presented with conflicting evidence from Parker. Parker admitted giving a Statement to Officer Burris. She acknowledged her signature at the bottom of the Statement which verified she had read the typed copy of her Statement and it was true and accurate. She also testified that even if she did not recall making certain declarations in the Statement, that if she made them, they were true. However, the following dialogue transpired in a hearing outside the jury's presence with regard to her Statement:

> "Q. Do you recall being asked this question, 'Will you tell me what and why you came to the Hobart Police Department to talk with me today.' and your answer in part being that, 'Tom [Appellant] had told me that he did do the burglary that they were suspecting him of'? Do you recall saying that.
>
> "A. No.
>
> "Q. At this time you don't remember that?
>
> "A. No.
>
> "Q. Did Tom Steele ever tell you that he had done the burglary they suspected him of?
>
> "A. I can't remember him telling me. I just figured that he did.
>
> "Q. Okay. Do you recall also, in response to that same question, answering that, 'You better not tell anybody; he said if I thought I got it bad the first time that I'd get it worse this time, and that he would be the one to do it'? Do you recall telling the police officer that?

"A. Not exactly."

Trial Record at 139.

Later in the hearing, the following transpired:

"Q. Okay. In your Statement, in the last part of that you say, 'Tom had told me that he did do the burglary they were suspecting him of.' Are you saying that that was a lie and the defendant never told you that?

"A. I can't remember him telling me if he told me.

"Q. Do you remember telling the police that?

"A. Sort of."

Trial Record at 154.

Further, the trial judge was apprised through Parker's testimony that Appellant was the father of her children, that she feared for her life because Appellant had threatened and might take some retaliatory action if she testified against him, and that extreme anger, prompted by Appellant, motivated her to come forth with a Statement.

The conflict in Parker's testimony is blatant. Parker gave conflicting testimony upon the issue of whether or not she made the declaration in her Statement regarding Appellant's admission to her. In accord with *Watkins*, these conflicts were to be resolved by the trial judge in determining whether or not that pertinent portion of the Statement was admissible as substantive evidence. We find, in reviewing all of the testimony, Parker was available for cross-examination. She had been interrogated concerning the subject matter that was contained in the out-of-court statement. Although she may have denied having made certain of the declarations or may have professed no memory of having done so, there was sufficient evidence from which the trial judge could properly conclude that she, in fact, had made them and remembered having done so. She was, therefore, presumably susceptible to cross-examination upon the matters asserted in the Statement. The trial court, therefore, did not err by admitting this evidence for substantive purposes.

Next Appellant contends the trial court erred by allowing testimony concerning a fingerprint identification of the Appellant. Appellant advances two arguments to support this contention. He first asserts it was improper to allow Officer Burris to testify concerning the establishment of a foundation for the admission of the Appellant's fingerprint lift cards. Second, he claims it was error to allow Officer Taylor to testify after violating the trial court's order for the separation of witnesses. We address each argument separately in the order presented here to demonstrate the trial court did not err in either respect.

Officer Burris testified in the State's case-in-chief that he submitted fingerprints, taken from the scene of the crime, to the Lake County Laboratory for comparison with Defendant's fingerprints. After Burris was cross-examined, the State rested. The Defense's sole witness, Officer James Fedorchak, testified that the fingerprint comparison was negative. When the State cross-examined Fedorchak, he testified that a subsequent comparison, performed by Fedorchak and utilizing inked lower joint impressions from Defendant's finger, resulted in positive results. The Defense rested its case.

The State opened its case-in-rebuttal by announcing that Officer Burris, possessing the fingerprint lift cards taken from the scene of the burglary and the inked lower joint impressions taken from Defendant by Officer Fedorchak, would be called to furnish a foundation for admission of the same. Defense counsel objected on the ground that such testimony would not rebut evidence presented by the defense. The objection was overruled and Officer Burris furnished on rebuttal foundational evidence permitting the State to admit into evidence fingerprint cards taken from the scene of the crime.

Appellant and the State advance the same and proper governing rule of law for this issue; namely, that rebuttal evidence is limited to that which tends to explain, contradict, or disprove evidence offered by the adverse party. *Wells v. State*, (1982)

Ind., 441 N.E.2d 458, 464, *reh. denied; Norton v. State,* (1980) 273 Ind. 635, 408 N.E.2d 514. Appellant argues Officer Burris failed to explain, contradict or disprove evidence offered by the defense, through its direct examination of Officer Fedorchak. Further, Appellant argues Officer Burris' testimony properly belonged to the State's case-in-chief. However, the State argues, and correctly so, that Fedorchak was called by Defendant to imply the fingerprints taken at the scene did not match those of the defendant. We find that when, on cross-examination, evidence was produced to show the prints were in fact Defendant's, subsequent testimony by Officer Burris that allowed the production of the prints clearly was evidence explaining Fedorchak's initial testimony for the defense. Accordingly, the trial court did not err by admitting Officer Burris' testimony.

▇▇▇ Next Appellant alleges the trial court erred by allowing Officer Taylor, who unknowingly violated a separation of witnesses order, to testify concerning matters he overheard. A trial court can, in its discretion, allow a witness who has violated a separation order to testify. *Wireman v. State,* (1982) Ind., 432 N.E.2d 1343, *reh. denied.* Here an extensive examination by the trial court revealed Taylor was a chain-of-custody witness whose testimony was to be that he bagged and tagged the jewelry box broken into and was responsible for delivering it to the Bureau of Identification for fingerprint testing. The testimony he overheard was that of Officer Burris which concerned the fingerprint cards that were removed from the box after it left Taylor's possession. Since Officer Burris' testimony had no direct bearing on the testimony to be elicited from Taylor, the trial court did not err by first informing the jury of Taylor's violation of the separation order and allowing Taylor to testify.

▇▇▇ Appellant has argued that the testimony of three witnesses constituted all of the evidence identifying Appellant as the burglar. According to Appellant, since none of this testimony was properly admitted, there was insufficient evidence to support his conviction. We already have found that all of the evidence Appellant argued should have been omitted was properly admitted. Further, other evidence was admitted which tended to establish Appellant as the burglar. Charles Fortenberry, having known Appellant over four years, observed him in the victim's backyard around the time of the crime, and there was testimony that the Appellant had the stolen rings in his possession on the evening of the burglary. Mere unexplained possession of stolen items shortly after a burglary provides support for an inference of guilt of burglary and theft of that property. *Ward v. State,* (1982) Ind., 439 N.E.2d 156, *reh. denied; Muse v. State,* (1981) Ind., 419 N.E.2d 1302, 1304. We conclude that the aforementioned evidence clearly identified Appellant as the burglar and supported Appellant's conviction.

## II

▇▇▇ Appellant claims the imposition of the fourteen (14) year sentence is manifestly unreasonable. He argues that while the sentence imposed by the trial court enhances the presumptive sentence by four (4) years, the lack of any prior felony conviction and the circumstances surrounding the crime render the enhancement manifestly unreasonable.

Appellant was found guilty of Burglary, a class B felony. Under Ind.Code § 35–50–2–5 (Burns Repl.1979), a person who commits a class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances. Ind.R.App.Rev.Sen. 2 States:

"A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

The trial court gave the following two (2) reasons for imposition of the additional four (4) years of imprisonment, pursuant to Ind.Code § 35–4.1–4–7 [§ 35–50–1A–7

(Burns 1979)] [repealed effective September 1, 1983; replaced by § 35–38–1–7 (Burns Supp.1984)]:

"The Defendant has a history of criminal activity as follows: as a Juvenile, 1980, Burglary, 1981, Dealing Drugs; as an adult, 1983, a pending Burglary, a class C felony.... The Defendant is in need of correctional and rehabilitative treatment that can best be provided by his commitment to a penal facility for the following reasons: his repeated incarceration has had no deterrent effect."

Trial Record at 80, 81.

Appellant urges that the absence of any prior felony conviction in addition to the juvenile record and circumstances surrounding this burglary conviction renders the four (4) year enhancement grossly disproportionate to the severity of the crime. Further, Appellant contends no reasonable person could find such sentence appropriate. However, the fact that Appellant has a prior criminal record as a juvenile does not remove it from consideration. *Lottie v. State,* (1980) 273 Ind. 529, 406 N.E.2d 632, *reh. denied.* Further, the court adequately substantiated the enhancement of the sentence with facts peculiar to Appellant. We find that Appellant's criminal history and the finding that his repeated incarceration has had no deterrent effect do not render a four (4) year enhancement of sentence manifestly unreasonable.

For all the foregoing reasons, there was no trial court error and the trial court's judgment is affirmed.

GIVAN, C.J., and DeBRULER, J., concur.

HUNTER and PRENTICE, JJ., concur in result.