Basil TURPIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 583S193.

Supreme Court of Indiana.

April 8, 1986.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a habitual offender determination; I.C. § 35–50–2–8. A jury tried the case. Appellant received a thirty year sentence, to run consecutively with the sentences on the underlying convictions.

The first time this case came before this Court, we affirmed the convictions for the underlying felonies; however, we remanded for retrial on the habitual offender charge. See *Turpin v. State* (1982), Ind., 435 N.E.2d 1.

Appellant raises several issues on appeal; we consider three of them: (1) whether there was sufficient evidence to support his habitual offender determinations (2) whether trial court erred in not permitting appellant to present a double jeopardy defense to the jury; and (3) whether trial court erred in imposing the habitual offender enhancement as a consecutive sentence.

I

■ Appellant raises several issues concerning the propriety of the trial court's decisions to admit several of the State's exhibits at the habitual offender proceeding. We find it unnecessary to reach these issues because the State did present proper evidence from which the existence of two prior felonies, which are in the proper sequence, may be deduced to a moral certainty beyond a reasonable doubt.

The State included five prior felonies in the habitual offender charge.

1. June 18, 1969—Owen Circuit Court, conspiracy first degree burglary, 2–14 years at the Indiana Reformatory.
2. May 13, 1977—LaPorte Superior Court, theft, one year at the Indiana State Farm.
3. April 17, 1979—Montgomery Circuit Court, theft, two years at the Indiana State Farm.
4. April 15, 1975—Lawrence Superior Court, second degree burglary, 2–5 years at the Indiana Reception and Diagnostic Center.
5. August 18, 1972—Greene Circuit Court, carrying a pistol without a permit one year at the Indiana Reception and Diagnostic Center.

The evidence, established by State's Exhibits, # 8, # 12, # 16, which were not challenged on appeal, is sufficient to support the habitual offender determination.

State's Exhibit # 12 consists of a docket sheet and a commitment order from La-Porte Superior Court, *State v. Turpin*, Cause No. 4737. The Docket sheet indicates that he pled guilty on May 13, 1977, and that he received a one year sentence. The commitment order confirms this information, and in addition, it indicates that the conviction was for theft.

State's Exhibit # 8, consists of an information and a commitment order from Montgomery Circuit Court, *State v. Basil Turpin*, Cause No. CR 1978–24. The information reveals that the State charged Basil Turpin with a theft that was committed on April 10, 1979. The commitment order indicates that he received a two year sentence on April 17, 1979.

State's Witness Kelley, a finger print classifier for the Indiana State Police, took appellant's fingerprints, and she compared them to the finger prints contained in other exhibits. She testified that appellant placed his name, date of birth, and other personal information on the fingerprint card which was introduced into evidence as State's Exhibit # 16. The date of birth is consistent with appellant's age, as indicated in the commitment order, at the time of the 1979 Montgomery County felony referred to in State's Exhibit # 8. This is sufficient to identify appellant as the perpetrator of that felony. The date of birth is also consistent with appellant's age, as indicated in the commitment order, at the time of the 1977 LaPorte County

felony referred to in State's Exhibit # 12. This is sufficient to identify appellant as the perpetrator of that felony.

## II

Appellant contends that the trial court committed error when it denied him permission to present a double jeopardy defense to the jury.

In the first appeal of this case, this Court remanded the cause to the trial court for a retrial on the habitual offender issue. *Turpin, supra* at 4. That remand order resulted from this court's agreement with appellant's argument that unlawful procedures had been employed. This court did not order retrial "due to the failure of proof at trial". *Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1. To this day there has been no appellate determination of the legal sufficiency of the evidence to support the first habitual offender verdict. There was therefore nothing tantamount to an appellate level acquittal of habitual offender status. Moreover the verdict following the first trial declared affirmatively for the state that appellant was indeed a habitual offender. There was therefor nothing in the nature of a previous trial level acquittal of habitual offender status. Cf. *Durham v. State* (1984), Ind., 464 N.E.2d 321 (DeBruler, J. and Prentice, J. dissenting).

On remand to the trial court, appellant sought on several occasions to raise the double jeopardy claim there, objecting to the trial of the habitual offender issue. The trial court did not itself, nor did it permit the jury to consider the merits of that claim. The trial court's position was correct. The claim had been raised in appellant's petition for rehearing addressed to this court's remand order and was rejected when the petition was denied. That ruling was final and binding upon the trial court on remand. Moreover, even if the claim had not been so raised on rehearing, appellant's motions would be viewed as an attempt to appeal this court's decision on the issue of remand to the jury. The jury sits as a finder of fact and not as an appellate court.

## III

In sentencing appellant on the habitual offender determination, the trial court imposed a thirty year sentence, consecutive to the sentences on the underlying felonies.

The sentence on the habitual offender determination is an enhancement of one of the underlying felonies, not a separate sentence. *Coker v. State* (1983), Ind., 455 N.E.2d 319, 320; *Hernandez v. State* (1982), Ind., 439 N.E.2d 625, 633.

The habitual offender determination is affirmed; however, this cause is remanded to the trial court with instructions to withdraw the consecutive thirty year sentence and to enhance one of the underlying felony sentences.

GIVAN, C.J., PIVARNIK, SHEPARD, and DICKSON, JJ., concur.