**Clarence KIDD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 65S00–8703–CR–288.

Supreme Court of Indiana.

Nov. 17, 1988.

William H. Bender, Allyn, Givens & Bender, Poseyville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

A Posey County jury found defendant-appellant Clarence Kidd guilty of burglary, a class B felony, Ind.Code § 35–43–2–1. The trial court entered conviction thereon and sentenced defendant to twenty years, increasing the presumptive ten year sentence by an additional ten years for aggravating circumstances. The sole issue raised in this direct appeal is defendant's challenge to the sufficiency of the evidence to support his conviction.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223. Circumstantial evidence alone is sufficient to sustain a burglary conviction. *Taylor v. State* (1987), Ind., 514 N.E. 2d 290. In appellate review of circumstantial evidence of guilt, this Court need not determine whether the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence, but only whether inferences may reasonably be drawn to support the verdict. *Lovell v. State* (1985), Ind., 474 N.E.2d 505; *Kizer v. State* (1982), Ind., 437 N.E.2d 466.

The evidence most favorable to the trial court's judgment reveals that between June 5, 1985, and June 7, 1985, Dennis Dale's mobile home was burglarized. The burglar stole four rifles and five pieces of Pioneer stereo equipment. Jim Browning testified that in early June, "somewhere around the 3rd, 4th, or 5th, I don't remember the date," defendant sold Browning some Pioneer stereo equipment

with the explanation that the equipment belonged to his girlfriend's brother and the brother wanted to sell it. Browning also understood that defendant desired to sell the stereo equipment so that defendant and his girlfriend could leave town. After the two men agreed to the terms of the sale, defendant gave Browning a signed receipt, dated June 8, 1985, evidencing the transaction. The stereo equipment sold by defendant to Browning proved to be the same stereo equipment stolen from Dale's mobile home. On June 9, 1985, defendant approached Emmitt Caudill and offered to sell Caudill some rifles, explaining the rifles belonged to his girlfriend's mother and were being sold because the woman needed money. The four rifles purchased by Caudill from defendant were the four rifles stolen from Dale's mobile home.

Defendant argues that "[s]imply because the defendant was identified as the one who sold stereo equipment and guns owned by the victim, does not prove beyond a reasonable doubt that he was the individual who broke and entered the mobile home." We have previously held that the unexplained possession of recently stolen items provides support for an inference of guilt of burglary and theft of that property. *Steele v. State* (1985), Ind., 475 N.E.2d 1149 (defendant in possession of stolen property on same evening burglary committed); *Ward v. State* (1982), Ind., 439 N.E.2d 156, *reh. denied* (although facts not clear, it appears police discovered defendant in possession of stolen property on same day burglary committed); *Turpin v. State* (1982), Ind., 435 N.E.2d 1, *appeal after remand*, (1986), Ind., 490 N.E.2d 1109 (police discovered defendant in possession of stolen property on same morning burglary committed).

In the present case, however, the sole evidence is that subsequent to the burglary, defendant was found in possession of stolen rifles two to four days later, and of stolen stereo equipment one to three days later. The State argues that such evidence, combined with defendant's false explanations regarding his possession of the property and desire to sell it, are sufficient to support the conviction for burglary. If this were so, evidence sufficient to prove possession of stolen property would necessarily and inevitably support a further conviction for burglary, even absent evidence that such defendant participated in the burglary itself.

Defendant Kidd was charged with the single offense of breaking and entering the dwelling of another with the intent to commit the felony of theft. He was not charged with the offense of possessing stolen property, Ind.Code § 35–43–4–2.

Under the circumstances presented to us, we cannot conclude that a reasonably trier of fact could find the defendant guilty of the offense charged beyond a reasonable doubt.

The judgment of the trial court is reversed.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. The majority correctly cites authority for the proposition that this Court will not reweigh evidence on appeal. However, that is precisely what the Court then proceeds to do.

Possession of the goods by appellant shortly after the burglary, together with his false explanations of his possession, was ample evidence to support the jury's finding that he was in fact the person who had acquired the goods through the perpetration of the burglary. The evidence is clear that the burglary was committed, and the goods taken were in the unexplained possession of appellant shortly thereafter.

The trial court should be affirmed.

PIVARNIK, J., concurs.