Rueben BROWN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0409–CR–503.

Court of Appeals of Indiana.

May 13, 2005.

Bruce E. Andis, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Rueben Brown ("Brown") appeals his bench trial convictions for two counts of Removal or Alteration of a Vehicle Identification Number, Class C felonies,[1] two counts of Auto Theft, Class D felonies,[2] and Ownership of a Vehicle with an Improper Vehicle Identification Number, a Class D felony.[3] We affirm in part, reverse in part, and remand.

### Issue

Brown raises one issue, whether sufficient evidence supports his convictions.

---

1. Ind.Code § 9–18–8–13.

2. Ind.Code § 35–43–2.5.

3. Ind.Code § 9–18–8–11.

### Facts and Procedural History

On March 25, 2003, John Patrick ("Patrick"), who operates a small auto painting business in his spare time, began painting a white 1987 Chevrolet Monte Carlo when he discovered that the Public Vehicle Identification Number ("PVIN")[4] appeared to have been altered. Patrick contacted the police and the person who brought the car to him, Antwon Powells ("Powells"). Indianapolis Police Department Detective Randy Nave ("Detective Nave") examined the automobile and determined that the PVIN on the 1987 Monte Carlo, ending in 198992, came from a white 1985 Monte Carlo owned by Marla White. The true owner of the 1987 Monte Carlo was Reginald Williams, who had reported the car stolen on January 21, 2003.

The following day, based upon a conversation with Powells' brother, Detective Nave went to Brown's residence, but he was not there. In front of Brown's house, Detective Nave observed a 1988 black cherry Chevrolet Monte Carlo with an altered PVIN ending in 181447. The vehicle had a license plate affixed that was registered to Brown. Detective Nave determined that the PVIN came from a blue 1986 Monte Carlo registered to Powells. The true owner of the 1988 Monte Carlo was David Jones, who reported the car stolen on February 26, 2003.

Detective Nave returned to Powells' residence, and discovered a 1986 blue Monte Carlo "grounded" in the back yard. Tr. at 51. Upon further investigation, Detective Nave found that the PVIN was missing. Detective Nave later interviewed Brown, who admitted that he had sold Powells the white 1987 Monte Carlo in exchange for cash and the title to Powells' blue 1986 Monte Carlo. Brown also admitted that

he had purchased the 1988 black cherry Monte Carlo from someone named "Rick," who could "take two cars and make them into one car." Tr. at 62. Brown told Detective Nave that Powells approached Brown following the police impoundment of the white 1987 Monte Carlo that Powells had purchased from Brown, and admitted that he gave Powells the keys to the 1988 black cherry Monte Carlo as collateral until Brown could repay Powells. Brown also gave Powells title to the vehicle; however, the title he gave Powells listed the vehicle's PVIN ending with 181447, i.e. the PVIN from the blue 1986 Monte Carlo that Brown had received from Powells.

The State charged Brown as follows: Count 1, removing or altering the VIN of the 1987 Monte Carlo; Count 2, auto theft of the 1987 Monte Carlo; Count 3, removing or altering the VIN of the 1988 Monte Carlo; Count 4, auto theft of the 1988 Monte Carlo; and Count 5, possessing the 1986 Monte Carlo with an altered VIN. Following a bench trial, the trial court found Brown guilty as charged, and sentenced Brown to four years imprisonment and one and one-half years imprisonment on Counts 1 and 2, to be served concurrently, four years imprisonment and one and one-half years imprisonment on Counts 3 and 4, to be served concurrently to each other but consecutive to the sentence for Counts 1 and 2, and one and one-half years on Count 5, to be served concurrently, for an aggregate sentence of eight years. This appeal ensued.

### Discussion and Decision

#### A. Standard of Review

When we review a claim that a conviction is not supported by sufficient

---

4. The PVIN is located in a Monte Carlo's windshield and is attached to the vehicle using metal rivets.

evidence establishing the defendant's guilt, we may not reweigh the evidence or question the credibility of witnesses. *Doty v. State,* 730 N.E.2d 175, 180 (Ind.Ct.App. 2000). We must affirm a conviction if the finder-of-fact heard evidence of probative value from which it could have inferred the defendant's guilt beyond a reasonable doubt. *Graham v. State,* 713 N.E.2d 309, 311 (Ind.Ct.App.1999), *trans. denied.* When making this determination, we consider only the evidence, and all reasonable inferences to be drawn from that evidence, favorable to the judgment. *O'Neal v. State,* 716 N.E.2d 82, 89 (Ind.Ct.App.1999), *trans. denied.*

■ When a conviction is based on circumstantial evidence, this court will not disturb the verdict if the fact finder could reasonably infer from the evidence presented that the defendant is guilty beyond a reasonable doubt. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind.2003); *Hawkins v. State,* 794 N.E.2d 1158, 1164 (Ind.Ct.App. 2003). Additionally, the circumstantial evidence need not overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Hawkins,* 794 N.E.2d at 1164.

### B. Analysis

#### 1. Removal or Alteration of a VIN

In order to convict Brown of removal or alteration of a VIN, the State was required to prove: (1) Brown (2) knowingly (3) removed or altered (4) an original or special identification number. Ind.Code § 9–18–8–12.[5] Because no direct evidence implicates Brown as the person who removed or altered the vehicles' VINs, we must determine whether the circumstantial evidence was sufficient proof of guilt.

#### a. 1988 Monte Carlo

■ With respect to the 1988 Monte Carlo, i.e. the stolen black cherry-colored vehicle found near Brown's residence, the State presented evidence that the PVIN found in the 1987 Monte Carlo came from the blue 1986 Monte Carlo that Brown received from Powells. Brown admitted to Detective Nave that the 1988 Monte Carlo was his and that he had taken the vehicle to the Bureau of Motor Vehicles for registration. Further, the registration for the 1988 Monte Carlo listed the PVIN of the 1986 Monte Carlo.

This evidence creates an inference that Brown placed the PVIN from the 1986 Monte Carlo in the 1988 Monte Carlo, which is sufficient to prove that Brown was the one who removed or altered the original VIN number on the 1988 Monte Carlo. *Cf. Bigbee v. State,* 596 N.E.2d 970, 972 (Ind.Ct.App.1992) (holding that VIN number discovered at defendant's home sufficient to prove alteration). Accordingly, the evidence is sufficient to support Brown's conviction for altering the 1988 Monte Carlo's VIN.[6]

#### b. 1987 Monte Carlo

■ With respect to the white 1987 Monte Carlo, the evidence is more tenuous. There, the evidence shows that Brown sold this vehicle to Powells, and that the PVIN on the vehicle actually came from a 1985 Monte Carlo owned by Marla White. However, unlike the 1986 Monte Carlo, the State presented no evidence linking the 1985 Monte Carlo to Brown, and thus no inference could be drawn to prove Brown placed the 1985 Monte Carlo's PVIN inside the 1987 Monte Carlo. Accordingly, the evidence is insufficient to

---

5. The statute also applies to the damage or covering of a VIN.

6. The State did not charge Brown with removing the PVIN of the 1986 Monte Carlo.

support Brown's conviction for altering the 1987 Monte Carlo's VIN.

### 2. Auto Theft

■ To convict Brown of auto theft, the State must show: (1) Brown (2) knowingly or intentionally exerts unauthorized control over the motor vehicle of another person (3) with intent to deprive the owner of (4) the vehicle's use.

■ Generally, the unexplained possession of recently stolen property is sufficient evidence from which the trier of fact may infer the actual theft. *Allen v. State,* 743 N.E.2d 1222, 1230 (Ind.Ct.App.2001), *trans. denied.* However, because the theft of each car occurred more than twenty-four hours before the State showed Brown was in possession, Brown argues that the mere evidence of possession was insufficient, citing *Kidd v. State,* 530 N.E.2d 287 (Ind.1988), *reh'g denied.*

In *Kidd,* a three-member majority of our supreme court determined that evidence of possession of stolen items more than twenty-four hours after a burglary, combined with his false explanation concerning how he obtained the items, was insufficient to support Kidd's conviction for burglary. *Id.* at 288. Because of the lapse in time between the burglary and the defendant's possession of the stolen items, the majority determined that the evidence did not prove that the defendant was the one who burglarized the premises.

We find *Kidd* to be inapposite. In *Kidd,* no evidence existed to show that the defendant broke and entered the premises of another other than the possession of the stolen property. Further, the court noted that while the evidence was insufficient to prove burglary, the evidence would have been sufficient to prove that the defendant received stolen property. *Id.*

■ Here, the State showed that Brown was in possession of the 1988 Monte Carlo more than thirty days after it was stolen, and police discovered the 1987 Monte Carlo Brown sold to Powells approximately sixty days after it was stolen. Even if we were to agree with Brown's contention that the State must show additional evidence beyond mere possession when the lapse between the theft and possession is more than twenty-four hours, the State did so here. With respect to the 1988 Monte Carlo, a license plate registered to Brown was placed upon the vehicle, and Brown had titled the car in his name using a VIN from another vehicle. Further, the PVIN from the blue 1986 Monte Carlo was placed in the 1988 Monte Carlo. With respect to the white 1987 Monte Carlo, Brown provided Powells the title of a 1985 Monte Carlo formerly owned by Marla White, and the PVIN from the 1985 Monte Carlo was placed in the 1987 Monte Carlo. These additional facts are sufficient to prove auto theft. *See Jelks v. State,* 720 N.E.2d 1171, 1175 (Ind.Ct.App.1999) (holding that evidence that car was rekeyed, the license plate had been replaced, the VIN altered, and defendant was driving vehicle sufficient to support conviction for auto theft despite six day lapse between theft and possession).

■ Moreover, although Brown explained his possession of the 1988 Monte Carlo by telling Detective Nave that he purchased it from "Rick," the trier of fact is free to reject a defendant's explanation. *J.B. v. State,* 748 N.E.2d 914, 916 (Ind.Ct.App.2001). The evidence presented at trial is sufficient to support Brown's two convictions of auto theft.

### 3. Ownership of a Vehicle in Violation of Indiana Code Section 9–18–8–2

To convict Brown of owning a vehicle in violation of Indiana Code Section 9–18–8–

2, the State must prove: (1) Brown (2) owns or possesses a vehicle (3) knowing the vehicle to be in violation of Indiana Code Sections 9–18–8–2. Indiana Code Section 9–18–8–2 requires a person who owns or possesses a vehicle built after 1954 and that does not have a VIN or has a VIN that has been altered or defaced to apply to the Bureau of Motor Vehicles ("BMV") for a special identification number within twenty days of becoming the owner or possessor. The State charged Brown with violating this statute with respect to the blue 1986 Monte Carlo that he acquired from Powells.

Indiana Code Section 9–18–8–2, as written, appears to apply to a situation in which a person takes possession of a vehicle that is missing or has an altered VIN, which is not the case here. *See* Ind.Code § 9–18–8–2 (requiring owner or possessor of vehicle with a missing or altered VIN to notify BMV within twenty days of *becoming* owner or possessor). In this case, the State introduced the Indiana Certificate of Title for the 1986 Monte Carlo, which proved that Brown purchased the vehicle from Powells on January 13, 2003. Detective Nave testified that when he went to Powells' residence, on or about March 26, 2003, the vehicle was "grounded" in Powells' back yard, and the PVIN was missing. Tr. at 51. However, there is no evidence that the PVIN was missing on January 13, 2003.

Although the trier-of-fact could draw an inference that Brown removed the PVIN, the fact-finder could not draw an inference concerning *when* Brown removed the PVIN. In light of Brown's other convictions for auto theft and alteration of a VIN, a reasonable inference would follow that the VIN of the 1986 Monte Carlo was an important component of Browns' auto theft enterprise. The evidence that Brown titled this vehicle further supports an in-ference that the VIN was not missing at the time of purchase.

In contrast, we note that under Indiana Code Section 9–18–8–16, it is an infraction to *operate* "a motor vehicle on which the identification number has been removed, defaced, destroyed, obliterated, or concealed, when application has not been made to the bureau for permission to put on a new number...." This statute appears to apply to a situation in which a VIN is removed after an individual takes possession of the vehicle. However, because Detective Nave testified that the 1986 Monte Carlo was "grounded" and hence, not operational, Brown could not have committed this infraction, and the State did not charge him as such. In any event, as discussed above, the evidence is insufficient to support Brown's conviction for owning or possessing a vehicle in violation of Indiana Code Section 9–18–8–2.

### Conclusion

Based upon the foregoing, we find sufficient evidence supports Brown's two convictions for auto theft and one conviction of removal or alteration of a VIN. However, the State did not present sufficient evidence on the remaining counts. Accordingly, we reverse one of two convictions for altering a VIN. Additionally, we reverse the conviction for owning a vehicle with an improper VIN and remand this matter to the trial court with instructions to vacate those convictions and revise Brown's sentence accordingly.

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J., and ROBB, J., concur.