## Commonwealth *v.* Cruz, Appellant.

Argued September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*William A. Atlee, Jr.,* with him *Penn B. Glazier,* and *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellant.

*Ronald L. Buckwalter,* Assistant District Attorney, with him *Henry J. Rutherford,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1973:

Appellant contends he is entitled to a new trial because of the prejudicial effect of being seen handcuffed in the courtroom by members of the jury.

Appellant was tried with a codefendant on the charge of possession of marijuana. The jury found the appellant guilty and the codefendant not guilty.

The record reveals that appellant was handcuffed when the court recessed for the day while a portion of the jury was still in the jury box and on the following morning he was brought into the courtroom while handcuffed. Defense counsel's motion for a mistrial was denied.

The early Common Law recognized that a defendant in a criminal trial had the right to appear in a court free of restraint. "The prisoner, tho under indictment of the highest crime, must be brought to the bar without irons, and all matter of shackles or bonds . . . unless there be danger of escape. . . ." 2, *Hale's Pleas of the Crown,* 219 (1678). Such has been the rule in this country from the time that issue was first discussed. See 23 C.J.S., Criminal Law, §977, p. 904 et seq.; 21 Am. Jur. 2d, Criminal Law, §240, p. 276 et seq. In *Way v. United States,* 285 F. 2d 253, 254 (10th Cir. 1960); the court held that under ordinary circumstances a defendant's freedom from handcuffs, shackles

or manacles is an important component of a fair and impartial trial, and that restraints should not be employed except to prevent him from escaping or injuring others, and to maintain a quiet and peaceable trial.

In *State v. Roberts,* 86 N.J. Super. 159, 168, 206 A. 2d 200, 205 (1965), defendant was compelled to appear before the jury with his feet and hands shackled, the court stated: "In any case where the trial judge, in the exercise of sound discretion, determines that the defendant must be handcuffed or shackled, it is of the essence that he instruct the jury in the clearest and most emphatic terms [which the Judge did not do in the instant case] that it give such restraint no consideration whatever in assessing the proofs and determining guilt. This is the least that can be done toward insuring a fair trial. It may be doubted whether any jury, even with the best of cautionary instructions, can ever dismiss from its mind that the accused has appeared before it in handcuffs or chains. His being restrained must carry obvious implications even to the most fairminded of juries. Unless the situation is so exceptional as to call for shackles, the trial court should instead arrange for additional guards in the courtroom for the protection of all present and the prevention of any disorder or escape."

Furthermore, the ABA Project on Standards for Criminal Justice, *Trial by Jury,* Approved Draft (1968) suggests in §4.1(b): "An incarcerated defendant or witness should not be required to appear in court in the distinctive attire of a prisoner or convict." The Comment to §4.1(b) cites *Eaddy v. People,* 115 Colo. 488, 174 P. 2d 717 (1946), which states that "[t]he presumption of innocence requires the garb of innocence." The Comment section explains this by saying: "[A]s confusion or embarrassment of the person and jury prejudice can result from wearing the clothing of a convict or prisoner just as it can from the wear-

ing of shackles." (In *Eaddy*, the defendant was brought into court wearing coveralls with the words "County Jail" in large letters across the back). See also, *Watt v. Page*, 452 F. 2d 1174 (10th Cir. 1972).

In *Commonwealth v. Keeler*, 216 Pa. Superior Ct. 193, 264 A. 2d 407 (1970), we held at 195-196: "A defendant in prison garb gives the appearance of one whom the states regards as deserving to be so attired. It brands him as convicted in the state's eyes. It insinuates that the defendant has been arrested not only on the charge being tried but also on other charges for which he is being incarcerated." A clear analogy can be drawn to the appellant being handcuffed in front of the jury and the "prison garb" cases.

The Commonwealth cites *Commonwealth v. Carter*, 219 Pa. Superior Ct. 280, 281 A. 2d 75 (1971), in support of its position that a mistrial need not be granted in such a case. That case is inapposite to the appeal. In *Carter*, supra, our court upheld the action of the trial judge in dismissing two jurors who had witnessed the appellant being placed in handcuffs, during a trial recess. The trial judge determined that the dismissed jurors had not discussed the observed event with the other jurors.

Prejudice could have easily been created in the minds of the jurors due to the disparity between the codefendant and the appllant in that codefendant appeared in court free of restraint. Furthermore, the record does not indicate appellant was violent while in court, that he conducted himself in an unruly manner, or that he threatened to escape.

For the aforementioned reasons, the judgment of sentence is reversed and the case remanded for a new trial.[1]

---

[1] Appellant further contends that reversible error was committed when a witness testified that appellant had been arrested on

CERCONE, J., concurs in the result.

WRIGHT, P. J., would affirm on the opinion of the court below.

---

the same charge prior to this incident. Because of our disposition of the instant case, we need not determine whether, because of defense counsel's failure to object, this error was so basic and fundamental that a new trial would have to be granted.