**Robert McBRIDE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4–582A128.

Court of Appeals of Indiana, Fourth District.

Oct. 14, 1982.

Rehearing Denied Nov. 9, 1982.

---

Dawn D. Duffy, Samper, Hawkins, Atz & Duffy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jack T. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Appellant-defendant Robert McBride appeals his conviction[1] of conspiracy to commit theft contending that the evidence is insufficient to support the trial court's decision.

We reverse.

McBride argues specifically that the evidence is insufficient to support a finding that he conspired with anyone to commit a theft. The argument proceeds that defendant had already stolen the property when he attempted to sell it to an undercover police officer. Therefore, it was impossible for the parties to have agreed to steal it. He argues this agreement was necessary to support the conspiracy to commit theft.

McBride's argument fails to consider the definitions of theft in the statute under which he was charged. Ind.Code 35–43–4–2 provides:

> (a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony.

> (b) A person who knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft commits receiving stolen property, a class D felony.

The information charged McBride with conspiring to exert unauthorized control over the property of another intending to deprive him of the value and use of the property, using language under subsection (a). Although the information does not charge subsection (b), the courts have held a charge of theft under subsection (a) is sufficient to include subsection (b). *Nash v. State*, (1982) Ind.App., 433 N.E.2d 807. This would be true of a general offense applicable to theft as well. Therefore, the conspiracy could well have been to dispose of the property under subsection (b) and the relevant agreement would be to *dispose* of the property, not acquire it.

---

1. Appellant was convicted of theft, too. However, no argument is raised on appeal concerning the sufficiency of the evidence to support the conviction on that count.

The evidence shows McBride and another person[2] arrived at the police undercover operation with a vehicle over which he was exercising unauthorized control. McBride and the officer agreed on a purchase price. The vehicle was placed in the officer's control. Thus, he and the officer did agree to unlawfully and knowingly exert unauthorized control over the property of another with intent to deprive the owner of the value and use of the property.[3] This is sufficient evidence to support a conviction for theft. However, it does not support a conviction for conspiracy.

■ The record demonstrates that the parties met for the first and only time at the time of the sale. The only matters discussed involved the immediate sale. A price was negotiated and the exchange took place. There was no prior agreement shown in the record. Absent a contemporaneous agreement amounting to a conspiracy, the sales agreement in and of itself does not prove a conspiracy to commit theft. *United States v. Prieskorn,* (8th Cir. 1981) 658 F.2d 631.[4]

Because the crime of conspiracy requires a concert of action among two or more persons for a common purpose, the mere agreement of one person to buy what another agrees to sell, standing alone, does not support a conspiracy conviction.

The relationship of a buyer and seller *absent any prior or contemporaneous understanding beyond the mere sales agreement* does not prove a conspiracy to sell, receive, barter or dispose of stolen property although both parties know of the stolen character of the goods. In such circumstances, the buyer's purpose is to buy; the seller's purpose is to sell. There is no joint objective.

*United States v. Mancillas,* 580 F.2d 1301, 1307 (7th Cir.) [sic] (conspiracy to distribute and to possess with intent to distribute heroin), *cert. denied,* 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978), *citing United States v. Ford, supra,* 324 F.2d [950] at 952 [7th Cir.] (conspiracy involving stolen goods; emphasis added).

*Prieskorn,* 658 F.2d at 634. The illegal sales relationship here requires an intent to deprive the owner of the value or use of the vehicle or an intent to receive or dispose of the property. A conspiracy requires two intents: an intent to commit the felony *and* an intent to agree to commit a felony. *Cf. United States v. Flaherty,* (1st Cir. 1981) 668 F.2d 566, 580. The State proved only the intent to commit the felony of theft by the sales relationship. Some evidence beyond the single transient sales transaction is required to prove defendant's intent to agree. *Flaherty, supra; Prieskorn, supra* at 635; *United States v. Mancillas,* (7th Cir. 1978) 580 F.2d 1301. Without evidence of an understanding beyond the sales agreement there is no proof of a conspiracy, only a disposition of stolen property.

The conviction for conspiracy to commit theft is reversed.

MILLER and CONOVER, JJ., concur.

2. The conspiracy charged in the information did not involve this other person, but included only the undercover officer and the sales transaction discussed above. There may well have been a conspiracy between McBride and this other person. However, that conspiracy has not been charged in the information.

3. Both parties recognize that a conspiracy may be committed even though one party is feigning

criminal activity. *Garcia v. State,* (1979) Ind., 394 N.E.2d 106.

4. Although the federal precedent is not binding, we find it persuasive authority for this proposition. We find no Indiana precedent on the subject. *Prieskorn* is not inconsistent with the Indiana cases dealing with conspiracy.