**Richard E. COATES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–585A141.

Court of Appeals of Indiana, Second District.

Dec. 30, 1985.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Richard E. Coates appeals his conviction upon a jury verdict finding him guilty of burglary, a class C felony. Coates presents the following issues for review:

1) whether the trial court erred by not allowing Coates to pursue an insanity defense;

2) whether the trial court erred by refusing to issue subpoenas to expert witnesses;

3) whether the trial court abused its discretion in overruling Coates's objection to appearing at his jury trial restrained by handcuffs and chains;

4) whether Coates was denied his constitutional rights to a speedy trial; and,

5) whether there was sufficient evidence to establish Coates' intent to commit a felony after breaking and entering.

### Facts

On the night of August 5, 1983, Indianapolis Police Department officers responded to a break-in alarm at a downtown business. Richard E. Coates was apprehended inside the business. A window had been broken, Coates's finger was cut, and there was blood at various places inside the building. Coates did not have the owner's permission to be in the building. On March 8, 1984, trial by jury was held. Over objection of counsel, Coates appeared before the jury with a chain around his waist, and his hands cuffed to the chain. Coates was found guilty as charged and sentenced to five years. Additional relevant facts appear within the discussion.

### Discussion

A criminal defendant has a federal constitutional right to appear before a jury free of physical restraints. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Kennedy v. Cardwell*, 487 F.2d 101 (6th Cir.1973). Requiring a defendant to appear shackled tends to negate the presumption of innocence, which although not explicitly set out in the Constitution, is a fundamental aspect of due process. *Coffin v. United States*, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895);[1] *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Harrell v. Israel*, 672 F.2d 632 (1982). The presumption of innocence requires the appearance of innocence, and as stated in *Eaddy v. People*, 115 Colo. 488, 492, 174 P.2d 717, 718–19 (1946), "regardless of the ultimate outcome, or of the evidence awaiting presentation, every defendant is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man." *See also Harrell v. Israel*, 672 F.2d at 635; *United States v. Samuel*, 431 F.2d 610, 614 (4th Cir.1970); *State v. Tolley*, 290 N.C. 349, 365, 226 S.E.2d 353, 366 (1976).

One of the first United States' cases addressing the issue of shackling recognized its adverse effect on the presumption of innocence. In *State v. King*, 64 Mo. 591, 593 (1877), the Court stated:

"When the court allows a prisoner to be brought before a jury with his hands chained in irons, and refuses, on his application, or that of his counsel to order their removal, the jury must necessarily conceive a prejudice against the accused, as being in the opinion of the judge a dangerous man, and not to be trusted, even under the surveillance of officers."

*Accord Illinois v. Allen*, 397 U.S. at 344, 90 S.Ct. at 1061; *Harrell v. Israel*, 672 F.2d at 637; *United States v. Samuel*, 431 F.2d at 614; *Jessup v. State*, 256 Ind. 409, 412, 269 N.E.2d 374, 375 (1971); *State v.*

1. *Coffin* succinctly points out the historical roots and fundamental rationale for the presumption of innocence in a quotation from Rerum Gestarum, lib 18, c. 1.

"Numerious [Roman governor on trial before the Emperor] contented himself with denying his guilt, and there was not sufficient proof against him. His adversary, Delphidi-us, 'a passionate man', seeing that the failure of the accusation was inevitable, could not restrain himself, and exclaimed, 'Oh, illustrious Ceasar! If it is sufficient to deny, what hereafter will become of the guilty?' to which Julian replied, 'if it suffices to accuse, what will become of the innocent?'"

156 U.S. at 455, 15 S.Ct. at 403.

*Tolley,* 290 N.C. 349, 366, 226 S.E.2d 353, 367 (1976); *Gammage v. State,* 630 S.W.2d 309, 313 (Tex.App.1982); *Washington v. Hartzog,* 26 Wash.App. 576, 586, 615 P.2d 480, 486 (1980). *See also Estelle v. Williams,* 425 U.S. at 504–05, 96 S.Ct. at 1693 (prejudice from seeing the defendant in jail clothes).

Other reasons advanced for the right to appear before one's peers unfettered include the argument that being chained and handcuffed prevents a defendant from taking notes and otherwise participating in his defense and distracts his thought process, *Illinois v. Allen,* 397 U.S. at 344, 90 S.Ct. at 1061; *People v. Herrington,* 42 Cal. 165, 168 (1871); *State v. Tolley,* 290 N.C. at 366, 226 S.E.2d at 367; *Gammage v. State,* 630 S.W.2d 309, 313 (Tex.App.1982); *Washington v. Hartzog,* 26 Wash.App. at 586, 615 P.2d at 486, and, that requiring restraints is an affront to the dignity of American justice, *Illinois v. Allen,* 397 U.S. at 344, 90 S.Ct. at 1061; *Kennedy v. Cardwell,* 487 F.2d at 106; *State v. Tolley,* 290 N.C. at 366, 226 S.E.2d at 367; *Willocks v. State,* 546 S.W.2d 819, 820 (Tenn. Cr.App.1976); *Gammage v. State,* 630 S.W.2d at 313 (Tex.App.1982); *Washington v. Hartzog,* 26 Wash.App. at 586, 615 P.2d at 486.

The right to appear at trial unrestrained is not absolute however, and can be denied if necessary to prevent the escape of the defendant, maintain courtroom decorum, or ensure the safety of persons present in the courtroom. *Illinois v. Allen; Harrell v. Israel; United States v. Samuel; Randall v. State,* 455 N.E.2d 916 (Ind.1983); *Walker v. State,* 274 Ind. 224, 410 N.E.2d 1190 (1980). Because of the fundamental importance of maintaining the presumption of innocence, the Seventh Circuit Court of Appeals has stated a showing of extreme need is required to justify the use of physical restraints at trial. *Harrell v. Israel,* 622 F.2d at 635–36.

■ The determination of whether restraints are necessary rests in the sound discretion of the trial judge. *Illinois v. Allen,* 397 U.S. at 347, 90 S.Ct. at 1062; *Harrell v. Israel,* 672 F.2d at 636; *Kennedy v. Cardwell,* 487 F.2d at 615; *United States v. Samuel,* 431 F.2d at 107; *Randall v. State,* 455 N.E.2d at 925; *Gammage v. State,* 630 S.W.2d at 314. However, for there to be meaningful appellate review, the facts and reasoning supporting the trial judge's determination that restraints are necessary must be placed on the record. *Harrell v. Israel,* 672 F.2d at 635–36; *Kennedy v. Cardwell,* 487 F.2d at 107; *United States v. Samuel,* 431 F.2d at 615; *State v. Tolley,* 290 N.C. at 368, 226 S.E.2d at 368; *Walthall v. State,* 505 S.W.2d 898, 899 n. 1 (Tex.App.1974); *Washington v. Hartzog,* 26 Wash.App. at 586, 615 P.2d at 486.[2]

■ The record only contains the following exchange between the trial court and defense counsel regarding the appearance of Mr. Coates in handcuffs and chains:

*Mr. Miller:* Your Honor, for the record on behalf of Mr. Coates we would object to him being presented in front of the jury in shackles. We would note for the record he has apparently got a belly chain on around his waist and his hands are cuffed at the wrist to that chain. We would object to that being displayed in front of a jury and we would ask that he be unshackled for purposes of the trial. *Court:* Let the record show that the Court has information that would tend to establish that the Defendant has a propensity for violence and viciousness and perhaps in addition thereto, the inclination to flee the jurisdiction of the Court, and for those reasons your objection is noted and denied.

2. The need for an affirmative showing appearing on the record is implicit in *Gammage v. State,* 630 S.W.2d at 315 where the court stated: "In the absence of justifiable reasons appearing in the record, the trial court may not resort to physical restraints ...." and in *Commonwealth v. Cruz,* 226 Pa.Super. 241, 311 A.2d 691, 692–93 (1973) where the court stated: "Furthermore, the record does not indicate appellant was violent in court, that he conducted himself in an unruly manner, or that he threatened to escape."

*Mr. Miller:* Might I ask for the record what that information is so that we could properly make a record?

*Court:* No sir. If you wish to file a petition, the Court and/or the prosecutor will respond to the same."

R. 101–103.

Thus, the record is devoid of a factual basis to support the trial judge's determination restraints were necessary. There is nothing indicating the defendant had ever been convicted of escape, charged with escape, attempted or planned to escape, or was violent or disruptive during voir dire or any pre-trial proceeding. We do note the defendant threatened to stab a police dog when apprehended and kicked the front seat of the police car necessitating his transportation in a paddy wagon. However, the act of arrest is often times confrontational and an arrest effectuated by the necessary use of police force is not of itself a sufficient factual basis on which to support a decision to require physical restraints at trial. In sum, there was no showing the restraints were necessary, and we can only conclude the trial court erred in ordering the restraints.

■ Because the right to appear at trial unrestrained is grounded in the due process clause of the fourteenth amendment, we must reverse unless the error was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–828, 17 L.Ed.2d 705 (1967). Restated, we must reverse if the error complained of "might have contributed to the conviction." *Id.* at 23, 87 S.Ct. at 827 (quoting *Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). *Cf. Candler v. State,* 266 Ind. 440, 363 N.E.2d 1233, 1240 (1977) (court should affirm if erroneously admitted evidence made no contribution to the verdict). Constitutional error can be rendered harmless by overwhelming evidence of guilt. *Milton v. Wainwright,* 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); *Harrison v. Owen,* 682 F.2d 138 (7th Cir.1982). Coates was charged with and convicted of burglary. Under Indiana law, "[a] person who breaks and enters the building or structure of another person, *with intent to commit a felony in it,* commits burglary ...." Ind. Code Ann. § 35–43–2–1 (Burns Repl.1985) (emphasis added). Here, the information alleged an intent to commit the felony of theft.

The evidence proving Coates did break and enter was overwhelmingly convincing. A break-in alarm was relayed to the police, Coates was apprehended by police inside the building, his finger was cut, and there was blood on the window sill beneath a broken window. However, the evidence tending to prove Coates intended to commit the felony of theft was not as complete. The evidence most favorable to the State probative of Coates's intent discloses that papers on an office desk had been disturbed, and drops of blood were present on the driver's seat of a van parked inside the building as well as beneath a wall mounted switch operating the electric garage door opener. Although the key to the van was in the ignition, an employee testified he could not state the key was not in the ignition prior to the break-in.

■ Although the mere breaking and entering does not constitute evidence of intent to commit theft, circumstantial evidence going beyond the mere fact of breaking and entering such as the time, force and manner of entry may support the intent element. *Vaughan v. State,* 446 N.E.2d 1, 7 (Ind.App.1983). Accordingly, Coates's intent to commit theft could have been legitimately inferred from the above evidence by a reasonable jury and Coates's sufficiency argument must fail. However, "there is a vast difference between evidence that is ample, that is to say evidence that would prevail upon review over a claim of insufficiency, and evidence that is so convincing that a jury could not properly find against it." *Carter v. State,* 266 Ind. 140, 145, 361 N.E.2d 145, 148 (1977). Here, we simply cannot conclude the evidence of intent was so overwhelming that the jury's continuous view of Coates in handcuffs and chains did not influence and contribute to the guilty verdict. Therefore, the error

was not harmless beyond a reasonable doubt.

Judgment reversed and cause remanded for a new trial.

SULLIVAN, J., concurs.

MILLER, J., sitting by designation, concurs.