**Clyde Hubert LEWIS, Garfield McLayea, and Charles Edgar Lamb, a/k/a Andar Lamb, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–685–A–158.**

Court of Appeals of Indiana, Fourth District.

June 11, 1986.

Rehearing Denied July 10, 1986.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Clyde Hubert Lewis, Garfield McLayea and Charles Edgar Lamb, also known as Andar Lamb, were convicted of conspiracy. On appeal, they argue that the verdict was not supported by sufficient evidence. We agree.

These appellants, together with Howell G. Atkins, also known as "Buzz", and Ezell Agnew, Jr., were charged by information with theft of certain automobiles and conspiracy to commit theft.[1] At trial, Atkins was found guilty as to all counts. Appellants were acquitted of theft but convicted of conspiracy.

In reviewing a claim of insufficient evidence, we may neither reweigh the evidence nor assess the credibility of witnesses. We will examine only the evidence most favorable to the State, together with reasonable inferences which may be drawn therefrom. If substantial evidence of probative value supports each element of the offense, the verdict will not be set aside. *Heaton v. State* (1985), Ind., 483 N.E.2d 58.

The brief of the State in this case contains the following recitation of facts:[2]

An arrangement was made between Officer Haywood of the South Bend police and Howell Atkins, known as Buzz, to sell six stolen cars in Indianapolis. On

---

1. Agnew's charges were dismissed prior to trial and he testified against the appellants.

2. References to page numbers in the record have been deleted.

January 17, 1984, Haywood talked to Atkins several times. About midnight, he attempted to call Atkins by phone, but was told he was not present. He then asked for Clyde Lewis. The man who answered the phone identified himself as Lewis. He said Atkins wasn't there. Haywood asked Lewis if he had cars and Lewis said yes but call back later when Atkins was present. About 1:00 a.m., Haywood reached Atkins and arrangements were made to deliver six cars to the Marriott Motel. About an hour later, Atkins called and said the people with him didn't want to bring the cars to the motel. Haywood insisted and Atkins agreed to bring the cars to the motel. About 2:30 a.m., Atkins and Ezell Agnew delivered a large dark Oldsmobile and a grey late model Cadillac to the motel parking lot. They were accompanied by a greenish/yellow mid 1970's Mercury Cougar with three occupants. Agnew got into the Mercury and left. Atkins went to Haywood's room. Atkins took Officer Phelps to the parking lot and pointed out the cars he delivered. About an hour later, the Mercury returned accompanied by a grey, two door Oldsmobile and a large dark-colored Buick. The cars were delivered to the Marriott parking lot. Subsequently, the drivers of the stolen cars, Atkins and the occupants of the Mercury, were arrested.

One of the conspirators, Ezell Agnew, stated that he and Atkins made the first delivery. He then left in the Mercury in the company of the Defendants. They went and picked up the other two cars and returned to the motel. An inventory of the Mercury revealed a large amount of personal property. It was identified by the owners of the stolen vehicles as being owned by them and was in their cars shortly before they were stolen.

■ As we said in *McBride v. State* (1982), Ind.App., 440 N.E.2d 1135, a conspiracy requires proof of two intents: an intent to commit a felony and an intent to agree to commit a felony. There is no evidence direct or circumstantial in the record of any intent to commit theft or an agreement to conspire to commit theft. *McBride, supra,* and *McBrady v. State* (1984), Ind., 460 N.E.2d 1222, are dispositive of this appeal and require reversal.[3] In both cases, the sale of stolen goods was held insufficient by itself to prove a conspiracy. Here, even though Agnew testified, the State introduced no evidence that appellants had any agreement with anyone with respect to the stolen automobiles. The fact that they were all at the motel at the same time was insufficient of itself to establish such an agreement.

Reversed.

MILLER, J., concurs.

CONOVER, J., concurs in part and dissents in part with attached opinion.

CONOVER, Judge, concurring in part, dissenting in part.

I concur as to the reversal of McLayea's and Lamb's convictions for conspiracy to commit theft. The only evidence presented by the State which would connect these individuals with the crime was their appearance as passengers in the 1974 Mercury at the Marriot Hotel on the night of the delivery. Evidence presented must establish more than a mere suspicion of guilt. *Curry v. State* (1982), Ind.App., 440 N.E.2d 687, 688. A verdict based merely upon suspicion, opportunity, probability, conjecture, speculation, and unreasonable inferences of guilt gleaned from the record cannot be upheld. *Manlove v. State* (1968), 250 Ind. 70, 232 N.E.2d 874, 882; *Freeman v. State* (1984), Ind.App., 458 N.E.2d 694, 696.

However, there was sufficient evidence presented at trial to support Lewis's conviction in my opinion. In *Williams v. State* (1980), 274 Ind. 94, 409 N.E.2d 571, our

3. Strangely, the State makes no mention of either case in its brief. Ignoring a rule of law will not make it go away.

Supreme Court, speaking through Justice Pivarnik, stated:

> [T]his Court has explained conspiracy in various terms. We stated in *Kelley v. State,* (1936) 210 Ind. 380, 394, 3, N.E.2d 65, 72, that *there must be an agreement, in the sense of a common purpose and understanding,* to commit the intended felony, by joining at its formation or by participating in it after it has been formed. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to commit the offense, even though the agreement is not manifest by any formal words. To prove a conspiracy, the prosecution does not need to show a formal arrangement or the parties' use of specific words.
>
> *A conviction may rest on circumstantial evidence alone;* while evidence of a mere relationship or association is not sufficient, *a conspiracy may be inferred from acts of the parties in pursuance of an apparent criminal purpose they have in common.* (Citations omitted, emphasis added).

409 N.E.2d 573.

It is not necessary for the State to prove Lewis personally committed each and every act involved in the crime so long as he was acting in concert with his co-defendant, in this case, Buzz Atkins. *See, Eldridge v. State* (1980), Ind.App., 406 N.E.2d 1264, 1266. The evidence showed Officer Haywood made initial contact with Atkins and Lewis regarding whether or not the requested vehicles had been stolen. Officer Haywood specifically asked Lewis if he had the cars. Lewis replied affirmatively. Later, calling the same number, Officer Haywood spoke with Atkins and made arrangement for the stolen vehicles' delivery. All of the defendants were arrested at the motel when the vehicles were subsequently delivered as planned.

There is sufficient evidence from which the jury could reasonably infer Lewis acted in concert with Atkins and with an intent to exert unauthorized control over the vehicles.

Our standard of review requires us to examine only evidence favoring the judgment, together with the reasonable inferences therefrom, *Everroad v. State* (1982), Ind., 442 N.E.2d 994, 1003. The evidence was sufficient to support Lewis's conviction, in my opinion.

I would affirm as to Lewis.