**Howell T. ATKINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49A04–8601–CR–15.

Court of Appeals of Indiana, Fourth District.

Nov. 20, 1986.

John Wesley Brooks, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Atkins appeals his conviction by jury of four counts of theft and one count of conspiracy to commit theft. He raises the following issues on appeal:

1) whether the trial court erred in denying his motion for mistrial;

2) whether the trial court erred in admitting into evidence a tape-recorded telephone conversation;

3) whether there was sufficient evidence to sustain the jury's verdict on the four counts of theft; and

4) whether there is sufficient evidence to sustain the jury's verdict on the count of conspiracy to commit theft.

We affirm in part and reverse in part.

The facts show that on January 15, 1984, an undercover officer purchased a stolen vehicle in South Bend from a man named "Buzz". Buzz later told the officer he could get more cars and gave the officer an Indianapolis phone number. The officer went to Indianapolis and, through a police photograph, identified the man he purchased the car from in South Bend as Atkins. The officer contacted "Buzz" at the Indianapolis phone number and arranged to purchase six more vehicles. He instructed "Buzz" to deliver the cars to a hotel parking lot. On January 18, 1984, Atkins and four other persons arrived in four stolen vehicles. Atkins was seen in only one of the vehicles. Upon arriving at the hotel, Atkins went to the officer's room and identified himself as "Buzz". The officer sent Atkins and another officer to inspect the cars before purchasing them. Upon exiting the hotel, Atkins was arrested.

 Atkins first contends that he should have been granted a mistrial because he had been walked past the jury room while handcuffed. The door to the jury room was open and the jury was present. To preserve the presumption of innocence, a criminal defendant has the constitutional right to appear before a jury free from physical restraints. *Coates v. State* (1985), Ind.App., 487 N.E.2d 167. This right is not absolute, however, and may be denied where necessary to prevent escape, maintain decorum, or ensure the safety of those present in the courtroom. *Id.* The decision of whether such restraints are necessary rests within the sound discretion of the trial judge and will only be reversed for an abuse of discretion. *Id.* Furthermore, where an abuse of discretion has been shown, there must also be a showing of actual harm to warrant reversal. *Hartlerode v. State* (1984), Ind., 470 N.E.2d 716. Actual harm will be found if the error complained of might have contributed to the conviction. *Coates v. State* (1985), Ind. App., 487 N.E.2d 167.

 In this case we do not need to reach the question of whether actual harm occurred because there is no evidence that any of the jurors saw Atkins handcuffed. The record reveals that when Atkins walked past the jury room, he was in a line of about five or six inmates with his left arm cuffed to the right arm of one of the other inmates. The other inmate was between Atkins and the jury room. (R. 340–341) Atkins testified that two or three jurors saw him. Atkins, however, was not competent to testify as to what others had perceived. The only competent testimony as to whether Atkins had been seen by any of the jurors was each individual juror. When questioned, none of the jurors stated that they had seen any of the defendants outside the jury room handcuffed to other inmates. (R. 346–352) As Atkins was not seen by any of the jurors, it was not error to deny a mistrial.

 Atkins next contends that the trial court erred in admitting a tape-recorded

telephone conversation because the state did not prove that he was one of the parties to that conversation. The conversation was between an undercover police officer and a person named "Buzz". Identification of the persons whose voices are on a tape recording is required for the recording to be admissible. *Resnover v. State* (1984), Ind., 460 N.E.2d 922. Identification, however, may be established by circumstantial evidence. *Reed v. State* (1986), Ind., 491 N.E.2d 182. This evidence may be a witness' testimony that he is familiar with a particular person's voice and that the voice on the tape belongs to that particular person. Evidence that a declarant possessed knowledge of certain facts that only a particular person would be likely to know is also sufficient authentication. *Id.*

■ Atkins suggests that a witness must know that the voice belongs to a particular person at the time the conversation took place. We disagree. The witness only needs to be able to identify the voice as belonging to a particular person at the time of trial. Here the officer testified that the voice of the man who arrived at the hotel that night and attempted to sell four stolen vehicles was the same voice he heard during the taped telephone conversation. The man who attempted to sell these vehicles called himself "Buzz" but was actually Atkins. This testimony was sufficient circumstantial evidence to establish that the voice on the tape belonged to Atkins. Further, Atkins knew how many cars were to be purchased and where to deliver them, facts which only the person to whom the officer spoke on the telephone would have been likely to know. This was additional evidence establishing that it was Atkins' voice on the tape. The trial court did not err in admitting this tape.

Atkins next argues that there was insufficient evidence to sustain the jury's verdict that he was guilty of four counts of theft. When reviewing sufficiency claims, an appellate court does not reweigh the evidence or judge the credibility of the witnesses. It considers only the evidence most favorable to the verdict and reasonable inferences to be drawn therefrom. *Galmore v. State* (1984), Ind., 467 N.E.2d 1173, 1176. If there is substantial evidence of probative value to support the jury's verdict that the defendant was guilty beyond a reasonable doubt, the verdict will not be disturbed. *Wright v. State* (1985), Ind., 474 N.E.2d 89, 92.

■ The evidence most favorable to the state shows that Atkins made arrangements to deliver and sell four recently stolen automobiles to an undercover police officer. Atkins contends that because the state failed to prove he was the person who took the cars, he could not be found guilty of theft. The definition of theft, however, does not require the state to prove the defendant was the person who took the property in the first instance. *Jones v. State* (1984), Ind.App., 467 N.E.2d 1236. The statute which makes theft a criminal offense provides:

> A person who knowingly or intentionally exerts unauthorized control over the property of another person, with the intent to deprive the other person of any part of its value or use, commits theft
> . . .

IND.CODE 35–43–4–2(a). While it is an element of theft that one "exert unauthorized control," the definition of this element is not limited to an actual "taking."

> [E]xert control over property means obtain, take, carry, drive away, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer or extend a right to property.

IND.CODE 35–43–4–1.

In the present case, Atkins had possession of one of the automobiles. He was seen driving the automobile to the hotel where he had been instructed to deliver the vehicles for sale. Unexplained possession of recently stolen property is enough for a jury to draw an inference of guilt and is therefore sufficient evidence for a conviction of theft. *Jones v. State* (1984), Ind. App., 467 N.E.2d 1236. Therefore, one count of theft is sustained by sufficient evidence.

The three remaining counts of theft, however, are not sustained by sufficient evidence. The state failed to show that the defendant exerted unauthorized control over three of the vehicles. No evidence was introduced that showed Atkins had taken, driven away, possessed, sold, conveyed or transferred these vehicles. While we recognize that selling is sufficient to exert control, and that Atkins did intend to sell these vehicles to the undercover officer, Atkins was arrested before the exchange occurred. He did not actually sell the vehicles and therefore could not have been held to have exerted unauthorized control over them in this manner.[1] At best, Atkins was guilty of attempted theft of three of the vehicles by attempting to sell them. Atkins, however, was not charged with attempted theft nor was the jury instructed upon it. We, therefore, reverse three of the theft convictions.

We also reverse Atkins' conviction for conspiracy to commit theft. IND. CODE 35–41–5–2 provides:

(a) A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony.

(b) The state must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement.

Therefore, "[t]he requisite elements [of conspiracy] are 1) an agreement to commit a felony, 2) with the intent to commit the felony, and 3) an overt act in furtherance of the agreement." *Ridgeway v. State* (1981), Ind.App., 422 N.E.2d 410. In this case, the state failed to prove an agreement existed between Atkins and any of his four co-defendants.[2]

In *Lewis v. State*, we reversed the conspiracy convictions as to three of Atkins' co-defendants. (1986), Ind.App., 493 N.E.2d 822. As there was insufficient evidence to prove that these co-defendants agreed with Atkins to steal the vehicles it follows that there is insufficient evidence to prove that Atkins agreed with any of them to steal the vehicles. We realize that a fourth co-defendant was granted immunity and a conspiracy conviction is therefore not barred. *Barry v. State* (1930), 202 Ind. 294, 173 N.E. 705. In the present case, however, the co-defendant who was granted immunity did not testify as to any agreement between himself and Atkins to steal cars. As the state failed to prove an agreement existed between Atkins and any of the co-defendants, it failed to prove a conspiracy to commit theft existed.

Reversed except as to one conviction for theft.

CONOVER, P.J., dissents with separate opinion.

MILLER, J., concurs.

CONOVER, Presiding Judge, dissenting.

I respectfully dissent. In my opinion, there was sufficient evidence presented at trial to support Atkins's convictions on all four counts of theft, IND.CODE 35–43–4–2(a), and conspiracy to commit theft, IND. CODE 35–41–5–2.

The evidence at trial indicated Officer Haywood made initial telephone contact with Clyde Lewis (Lewis) and Atkins regarding whether or not the requested vehicles had been stolen. Officer Haywood specifically asked Lewis if he had the cars. Lewis replied affirmatively. Later, calling the same telephone number, Officer Hay-

---

1. Some jurisdictions permit an attempted sale to support a conviction for receiving stolen property through a theory of constructive possession. Annot., 30 A.L.R. 4th 488. We have not found, nor does the state cite, any Indiana cases supporting this theory. Further, we have not found any cases holding that constructive possession, by itself, is sufficient to support a conviction for theft.

2. The information accuses Atkins of entering into a conspiracy with the four co-defendants, not the undercover officer. Further, the agreement between the officer and Atkins was for one to buy and the other to sell the vehicles. The sale of stolen goods is insufficient to prove a conspiracy. *McBrady v. State* (1984), Ind., 460 N.E.2d 1222; *McBride v. State* (1982), Ind.App., 440 N.E.2d 1135.

wood spoke with Atkins and made arrangements for the stolen vehicles' delivery. Lewis, Atkins and others were arrested at a motel when the stolen vehicles were subsequently delivered as planned.

The majority opines Atkins cannot be convicted on four counts of theft because he was not in possession of all four vehicles (not driving all four vehicles) at the time of the arrest. I disagree with this conclusion.

Circumstantial evidence alone may support a conviction. *Grimes v. State* (1983), Ind., 450 N.E.2d 512, 513. When the sufficiency of circumstantial evidence is in question, such evidence need not be adequate to overcome every reasonable hypothesis of innocence. Circumstantial evidence is sufficient if an inference may reasonably be drawn from the evidence which supports the verdict. *Lovell v. State* (1985), Ind., 474 N.E.2d 505, 507. Though evidence is circumstantial, a verdict upon which reasonable men may differ will not be set aside. *Survance v. State* (1984), Ind., 465 N.E.2d 1076, 1081.

In this case, there is no question the vehicles were stolen. When the contact, who turned out to be an undercover police officer, spoke with Atkins on the telephone, arrangements were made for the stolen vehicles' delivery. The cars were to be delivered, at one time, to the contact for his inspection. Given this arrangement, we find the trier of fact could reasonably infer the other drivers merely served as a conduit for the carrying out of Lewis's and Atkins's plan. The unexplained possession of recently stolen property alone is a circumstance from which a jury is entitled to draw an inference of guilt and may be sufficient to support a conviction. *Ward v. State* (1982), Ind., 439 N.E.2d 156, 159.

I further find there was sufficient evidence presented to support the conspiracy convictions. In *Williams v. State* (1980), 274 Ind. 94, 409 N.E.2d 571, our Supreme Court, speaking through Justice Pivarnik, stated:

[T]his Court has explained conspiracy in various terms. We stated in *Kelley v. State*, (1936) 210 Ind. 380, 394, 3 N.E.2d 65, 72, that *there must be an agreement, in the sense of a common purpose and understanding*, to commit the intended felony, by joining at its formation or by participating in it after it has been formed. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to commit the offense, even though the agreement is not manifest by any formal words. To prove a conspiracy, the prosecution does not need to show a formal arrangement or the parties' use of specific words.

*A conviction may rest on circumstancial (sic) evidence alone;* while evidence of a mere relationship or association is not sufficient, *a conspiracy may be inferred from acts of the parties in pursuance of an apparent criminal purpose they have in common.* (Citations omitted, emphasis added).

409 N.E.2d at 573.

Our standard of review requires us to examine only evidence favoring the judgment, together with reasonable inferences therefrom. *Everroad v. State* (1982), Ind., 442 N.E.2d 994, 1003. Accordingly, in my opinion, there is sufficient evidence from which a jury could reasonably infer Atkins acted in concert with Lewis with an intent to exert unauthorized control over the stolen vehicles.

I would affirm the convictions on all counts.