J-S02036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MYRON LIVELY | |
| Appellant | No. 242 EDA 2015 |

Appeal from the Judgment of Sentence entered December 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003637-2012

BEFORE:  SHOGAN,  LAZARUS,  and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 11, 2016**

Appellant Myron Lively appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County ("trial court"), following a jury trial that resulted in Appellant being found guilty of robbery with a deadly weapon under 18 Pa.C.S.A. § 3701(a)(1)(ii).  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, after Appellant was charged with robbery, among other crimes, his case proceeded to a jury trial.  On the first day of his trial, a court crier informed the parties and the trial court that, during a brief recess, five or six jurors witnessed the sheriff escorting Appellant from the courtroom.  N.T. Trial, 11/20/13, at 164.  As the sheriff was escorting Appellant, he remarked to Appellant "come on."  *Id.* At 166.  At that time, the jurors were filing into

the jury room and five or six jurors turned around and observed Appellant exiting the courtroom with the sheriff. *Id.* Upon learning this, Appellant timely moved for a mistrial or, in the alternative, an individual *voir dire* of the affected jurors. The trial court denied Appellant's motion.[1] Eventually, the jury found Appellant guilty only of robbery with a deadly weapon. The trial court sentenced Appellant to 4 to 8 years' imprisonment followed by 10 years of probation. Appellant timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that it had not abused its discretion in denying Appellant's motion for a mistrial. Specifically, the trial court found that the jurors accidentally observed Appellant, who was unrestrained and dressed in civilian clothes, exiting the courtroom.

On appeal,[2] Appellant raises only a single issue for our review. He argues that the trial court abused its discretion in denying his motion for a mistrial or, alternatively, a *voir dire* of certain jurors who observed him being led out of the courtroom by a sheriff. Appellant's Brief at 3. As a

---

[1] Appellant declined the trial court's offer to provide curative instruction to the jury on this issue.

[2] Our standard of review for the denial of a motion for mistrial is one of an abuse of discretion. *See Commonwealth v. Padilla*, 923 A.2d 1189, 1192 (Pa. Super. 2007), *appeal denied*, 934 A.2d 1277 (Pa. 2007). "It is primarily within the trial court's discretion to determine whether a defendant was prejudiced by the challenged conduct." *Id.*

result, Appellant argues that he suffered irreparable prejudice because he was denied a fair trial. *Id.*

It is settled that "[a]s a general rule, defendants should not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order." *Commonwealth v. Johnson*, 500 A.2d 173, 175 (Pa. Super. 1985) (citation omitted). This Court, however, has held that "[a] brief accidental sighting of a defendant in custodial trappings, without more, is not so inherently prejudicial as to significantly impair the presumption of innocence to which the defendant is entitled." *Commonwealth v. Padden*, 783 A.2d 299, 313 (Pa. Super. 2001) (quoting *Commonwealth v. Neary*, 512 A.2d 1226, 1230 (Pa. Super. 1986)).

In *Commonwealth v. Mayhugh*, 336 A.2d 379 (Pa. Super. 1975), we affirmed the denial of a mistrial where a juror observed the defendant being brought to the courtroom restrained only by the presence of two deputy sheriffs, one of whom had a handhold on the defendant. *Mayhugh*, 336 A.2d at 380-81. We explained that because the defendant had been observed "with a minimum of restraint and in the custody of two deputy sheriffs who remained in the courtroom throughout the trial . . . the degree of prejudice, if any, resulting from the brief incident was so minute that the trial judge could properly have determined that a *voir dire* only would have served to magnify a minor occurrence." *Id.* At 382-83.

- 3 -

The instant case is similar to, and less favorable to a defendant than, **Mayhugh**.[3] Unlike the sheriffs in **Mayhugh**, there is no indication in the record before us that the sheriff had a handhold on Appellant as he escorted Appellant out of the courtroom. As the trial court found, five to six jurors accidently observed Appellant, while unrestrained, existing the courtroom with the sheriff. Thus, as in **Mayhugh** and consistent with **Padden**, we conclude that the trial court did not abuse its discretion in denying Appellant's motion for mistrial or, alternatively, a *voir dire* of the affected jurors.

To the extent Appellant relies upon **Commonwealth v. Keeler**, 264 A.2d 407 (Pa. Super. 1970), **Commonwealth v. Cruz**, 311 A.2d 691 (Pa. Super. 1973), and **Commonwealth v. Henry**, 491 A.2d 193 (Pa. Super. 1985), to bolster his argument that the trial court abused its discretion in failing to declare a mistrial, such reliance is misplaced. **Keeler** and **Henry** concern challenges by defendants who wore their prison garb to trial. **Cruz** involves a challenge by a defendant who was observed in handcuffs by jurors.

Judgment of sentence affirmed.

---

[3] Appellant fails to cite any cases that stand for the proposition that jurors' accidental observation of an unrestraint defendant in the company of a sheriff is sufficiently prejudicial to defendant to warrant a mistrial. Indeed, our review of the law yields no such case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016