Michael E. HEATON, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 384S91.

Supreme Court of Indiana.

Oct. 3, 1985.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Michael E. Heaton appeals his conviction of Rape, a class A felony. Ind. Code § 35–42–4–1 (Burns 1979 Repl.). Heaton argues the evidence was insufficient to support his conviction. Heaton contends the victim's uncorroborated statement that he had intercourse with her did not prove intercourse occurred, particularly in light of his testimony contradicting her statement.

When reviewing the sufficiency of evidence to sustain a conviction, this Court looks only to evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existance of each element of the offense charged is supported by substantive evidence of probative value, we will affirm the trial court's judgment. We will not reweigh conflicting evidence or judge the credibility of witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The facts favorable to the State, as recounted by the victim, reveal that on October 3, 1980, at 7:45 p.m., Heaton entered a grocery store in Fort Wayne where the victim was employed as a clerk. Heaton walked behind a service counter and approached her. He was armed with a knife and he placed it against her stomach and ordered her to lay on the floor. Then he ordered her to remove her pants and when she hesitated, Heaton placed the knife against her throat. The victim disrobed. Heaton got on top of her and forced her to have intercourse. He penetrated her vagina with his penis. After approximately five minutes, Heaton got up and told the victim to get up and to dress herself. As Heaton walked out of the store, he told the victim that he would kill her if she told anyone about the rape.

Heaton testified that he did not have an erection and therefore, that he did not have intercourse with the victim. Apart from this discrepancy, Heaton concedes the victim correctly presented the facts.

In part, Heaton is simply asking us to reweigh the evidence and to favor his testimony over the victim's statements. We will not reweigh the evidence. *Loyd v. State,* supra.

The balance of Heaton's argument is predicated on the idea that a rape victim's uncorroborated testimony should be inadequate proof. This issue has previously been decided to Heaton's detriment. The uncorroborated testimony of a rape victim is sufficient to support a conviction, e.g., *Braun v. State* (1985), Ind., 479 N.E.2d 549. The lack of corroborating evidence bears on the victim's credibility and we treat the issue like any other issue concerning the credibility of witnesses. *Wallace v. State* (1983), Ind., 453 N.E.2d 245. We do not judge the credibility of witnesses. *Loyd v. State,* supra. Therefore, the evidence is sufficient to support Heaton's conviction.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.