**Michael WRENCHER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 45S00–9304–CR–405.

Supreme Court of Indiana.

June 22, 1994.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder and Attempted Murder and in a separate hearing he was found to be a habitual offender.

The facts are: Jose Moore, the victim of the attempted murder, was a security guard at the Victoria Arms Apartment in Gary, Indiana. His job made him aware of a problem with drugs and alcohol use in the apartment building. At approximately 3:00 a.m. on October 22, 1991, Moore was working in the security booth located near the door of the apartment complex.

Robin Hardeway, who was a friend of Moore and his wife, was in the booth with Moore. She had brought him a sandwich and an orange and a glucometer which he used because he was a diabetic.

Appellant and his codefendant, Cleveland Walker, approached the booth. Appellant asked Hardeway for a cigarette. She broke off half of her cigarette and gave it to him. Walker then passed a gun to appellant. Appellant took the gun, placed it inside of Robin Hardaway's jacket and fired two or three shots. Hardeway slid to the floor and Moore stood up whereupon appellant fired several shots at Moore striking him in the hand, the stomach, the arm, and the shoulder. Moore sustained six or seven wounds. Hardaway died of the injuries she sustained. Moore was transported to the hospital where while he was in critical condition, he was questioned by the police at which time he told them he had been shot by Walker and that Walker was accompanied by J.C. Cunningham. At trial, Moore testified that he was aware of drug dealing between Walker and Cunningham and that appellant had accompanied Walker on several of those occasions.

Appellant claims the trial court erred in admitting evidence of appellant's presence with Walker during the alleged drug sales as a means of identifying appellant as one of the people who shot Moore. Appellant correctly observes that in the ordinary situation prior uncharged crimes are not admissible in a

criminal prosecution, citing *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. However, the language in Lannan does provide that such instances may "be admissible for [purposes] such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. at 1339.

▬ In the case at bar, the evidence of Walker's prior contact with the Cunninghams as to drug activity and appellant's presence with Walker at such times was not introduced to establish the drug dealing but was introduced for the dual objective of demonstrating that Moore knew both Walker and appellant from having seen them on previous occasions and also for the purpose of establishing a possible motive for the shooting in that Moore also testified that Walker was scheduled to be evicted from the apartment only hours after the shooting because of the drug activities with the Cunningham family.

From this evidence the jury could draw the inference that Moore's position as security guard and the imminent eviction of Walker was the motive for the shooting. The evidence therefore was admissible under the guidelines laid down in *Lannan, supra.*

▬ Appellant further challenges Moore's identification of him as triggerman because of Moore's statement to police officers while he was in the hospital that he thought Walker was the triggerman and that he was accompanied by Cunningham. All of this was clearly brought out before the jury and there was ample evidence from which they could deduce that because of his critically wounded condition Moore was in a somewhat confused state when being questioned by the officers at the hospital, whereas when he was testifying at the trial he had correct recollections of the occurrence and the identity of his attackers. This Court will not reweigh conflicting evidence presented to a jury. *Heaton v. State* (1985), Ind., 483 N.E.2d 58.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.