## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2015, 9:20 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Monica McCall,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 31, 2015

Court of Appeals Case No.
49A04-1408-CR-366

Appeal from the Marion Superior Court.
The Honorable Stanley Kroh, Magistrate.
Cause No. 49G16-1404-FD-21490

**Sharpnack, Senior Judge**

## Statement of the Case

Monica McCall appeals from her conviction after a bench trial of one count of Class D felony domestic battery.[1]  McCall contends that the trial court committed reversible error by prohibiting her from testifying about prior crimes, wrongs, or other acts allegedly committed by the victim in order to support her defenses.  We affirm.

## Facts and Procedural History

McCall and the victim, B.D., have two children together:  six-year-old J.M. and eleven-month-old T.M.  McCall and B.D. had ended their relationship in March 2014, approximately two weeks prior to the incident that is the subject of this appeal.  After the relationship ended, B.D. resided with his mother at her home on Rinehart Street.

On April 23, 2014, McCall drove J.M. and T.M. to the Rinehart Street address to leave the children in B.D.'s care so that she could go to the emergency room to seek treatment for an outbreak of hives.  After arriving at the house, J.M. went into the house while T.M. remained in her car seat.

B.D., who had seen McCall pull up in her car in the driveway, came out of the house and informed McCall that he could not care for the children at that time because he had a job interview that day.  Upon hearing this, McCall punched

---

[1] Ind. Code § 35-42-2-1.3 (2012).

B.D. in the face with a closed fist, causing him pain. The two began to argue loudly and McCall began throwing the children's belongings near the sidewalk. McCall also placed her daughter, T.M., who remained in her car seat, near the sidewalk. As. B.D. began returning the items, placing them into McCall's car, McCall again struck B.D. on the face with a closed fist, causing what he described as a stinging pain.

[5] The two continued to struggle with McCall removing items and B.D. returning items to the car. Stephanie Gyetko, a neighbor, heard the commotion and saw McCall pointing and yelling at B.D. She also observed McCall strike B.D. Gyetko came out of her house in an attempt to halt the confrontation, but before she could say anything to the two, she saw McCall strike B.D. again. At that point she yelled that she was calling the police. A few minutes later, after McCall had shouted at Gyetko and called her names, McCall drove away.

[6] The State charged McCall with Class D felony domestic battery for striking B.D., causing him pain, and for engaging in that behavior in the presence of their child. During McCall's testimony at trial she admitted striking B.D. repeatedly on the face, but claimed that she did so because B.D. was removing Xanax, for which she had a prescription, from her purse. The trial court found McCall guilty of Class D felony domestic battery.[2] McCall was sentenced to

_____

[2] The State additionally charged McCall with Class D felony battery, Class A misdemeanor domestic battery, and Class A misdemeanor battery. The convictions on these additional offenses were merged with the count alleging Class D felony domestic battery due to double jeopardy concerns.

545 days with 533 days suspended, placed on probation for 365 days, and ordered to attend twenty-six weeks of domestic violence counseling. McCall now appeals.

## Discussion and Decision

[7] In order to prove domestic battery, the State was required to establish beyond a reasonable doubt that McCall knowingly or intentionally touched B.D., who has a child in common with McCall, in a rude, insolent, or angry manner that resulted in bodily injury to B.D. in the physical presence of T.M., who was less than sixteen years of age. Ind. Code § 35-42-2-1.3. McCall admitted at trial that she struck B.D., the father of her two children, in the face with a closed fist three times in the presence of their eleven-month-old daughter. B.D.'s and Gyetko's trial testimony corroborated McCall's admission. However, McCall asserts that she did so in defense of herself, because she feared B.D., and in defense of her property, the prescription Xanax pills. McCall argues that the trial court committed reversible error by prohibiting her from presenting evidence she claims was crucial to her defense theories of defense of self and defense of property.

[8] "The trial court has broad discretion to rule on the admissibility of evidence." *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind. 2014). "We review its rulings 'for abuse of that discretion and reverse only when admission is clearly against the logic and effect of the facts and circumstances and the error affects a party's

substantial rights.'" *Id.* (quoting *Clark v. State*, 994 N.E.2d 252, 260 (Ind. 2013)).

[9] A claim of "defense of property is analogous to the defense of self-defense." *Hanic v. State*, 406 N.E.2d 335, 339 (Ind. Ct. App. 1980). "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim." *Sudberry v. State*, 982 N.E.2d 475, 481 (Ind. Ct. App. 2013) (quoting *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We will not reweigh the evidence or judge the credibility of witnesses. *Id.* A conviction will be affirmed "[i]f there is sufficient evidence of probative value to support the conclusion of the trier of fact. . . ." *Id.*

[10] Indiana Code section 35-41-3-2 (2013) provides in pertinent part as follows:

> (c) A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. However, a person:
>
> (1) is justified in using deadly force; and
>
> (2) does not have a duty to retreat;
>
> if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.
>
> (d) A person:

(1) is justified in using reasonable force, including deadly force, against any other person; and

(2) does not have a duty to retreat;

if the person reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on the person's dwelling, curtilage, or occupied motor vehicle.

(e) With respect to property other than a dwelling, curtilage, or an occupied motor vehicle, a person is justified in using reasonable force against any other person if the person reasonably believes that the force is necessary to immediately prevent or terminate the other person's trespass on or criminal interference with property lawfully in the person's possession, lawfully in possession of a member of the person's immediate family, or belonging to a person whose property the person has authority to protect. However, a person:

(1) is justified in using deadly force; and

(2) does not have a duty to retreat;

only if that force is justified under subsection (c).

[11] During McCall's testimony at trial on direct examination, the following exchange took place:

> Q: So you bring [T.M.] over and [B.D.] comes out in the driveway?
>
> A: Yes.
>
> Q: And what happens when he comes out?
>
> A: We started arguing. He . . .
>
> Q: What were you arguing about?

> A: The children and our situation.
>
> Q: What is the situation?
>
> A: He domesticated me about two weeks before that . .
>
> STATE: Objection Your Honor.
>
> COURT: All right.
>
> A: He was arrested.
>
> COURT: Yeah, sustained.

Tr. pp. 42-43.

[12] The trial court granted the State's request that the testimony be stricken from the record. McCall then testified that she and B.D. were arguing about the division of child care responsibilities.

[13] Later, in McCall's testimony on direct examination, the following exchange took place:

> Q: Did you have anything in your front passenger seat?
>
> A: My purse.
>
> Q: What . . .what happened next?
>
> A: As I was getting the stuff out . . . I am putting it into the diaper bag [B.D.] goes into the front passenger seat and proceeds to grab my Xanax's [sic] out of my purse, which I have a prescription for.
>
> Q: You saw him do that?
>
> A: Yes I did.
>
> Q: What was he doing with them?
>
> A: He was trying to get them out of the bottle to put in his pocket.
>
> Q: So what did you do?

| | |
|---|---|
| A: | I punched him in the face. |
| Q: | Well did you think he was stealing your Xanax's [sic]? |
| A: | Yes. |
| Q: | Why did you think that? |
| A: | Because he has before. |
| STATE: | Objection Your Honor. I don't think that is relevant and I would ask for that to be stricken. |
| COURT: | Yeah, sustained. |

*Id.* pp. 45-46. McCall then testified that she saw B.D. take the lid off of the bottle and saw the pills scatter after she punched him the second time. She claimed that she did not punch him because of the babysitting dispute, but because she was protecting her property.

[14] The trial court correctly excluded the testimony here. Indiana Evidence Rule 404(b) prohibits the introduction of evidence of "a crime, wrong, or other act" "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." McCall claims on appeal that it was improper to exclude her testimony about B.D.'s recent arrest for domestic battery because it supported the reasonableness of her actions—punching B.D.—because she feared he would harm her again. Appellant's Br. pp. 8-9. However, McCall did not present this argument to the trial court. A defendant "is limited to the specific grounds argued to the trial court and cannot assert new bases for admissibility for the first time on appeal." *Taylor v. State*,

710 N.E.2d 921, 923 (Ind. 1999). After the trial court sustained the objection, McCall moved on with her testimony. This argument has been waived.

[15] Waiver notwithstanding, the testimony could only serve the purpose of proving the "forbidden inference" of B.D.'s bad character. McCall could have supported her self-defense argument with other evidence that she was afraid of B.D. and felt it necessary to punch him. In terms of self-defense, "[f]orce is not justified if the defendant enters into combat with another person or is the initial aggressor, unless the defendant communicates an intent to withdraw and the other person nevertheless continues or threatens to continue unlawful action." *Brand v. State*, 766 N.E.2d 772, 777 (Ind. Ct. App. 2002), *trans. denied*. The evidence presented by the State overwhelmingly established that McCall was the aggressor and was not in fear of B.D. The trial court did not err.

[16] Furthermore, the testimony that B.D. had previously stolen Xanax from McCall was properly excluded. McCall testified that she saw him remove the bottle from her purse, open the bottle, and attempt to put the pills in the pocket of his pants on the date of the offense. Thus, she was allowed to present evidence to support her claim of defense of property. McCall did not present any argument in support of the admissibility of the testimony about the prior incident at trial. Instead, McCall was directed by counsel to focus her testimony on what happened on the date in question. Therefore, the only purpose that could be served by the testimony would have been to establish B.D.'s bad character.

The case against McCall turned on the credibility of the witnesses. McCall presented her arguments, but the trial court explicitly found B.D.'s and Gyetko's testimony to be more credible. We will not reweigh the evidence or reassess the credibility of witnesses. *Heaton v. State*, 483 N.E.2d 58, 59 (Ind. 1985).

# Conclusion

In light of the above, we affirm the trial court's decision.

Affirmed.

Baker, J., and Riley, J., concur.