## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 11 2018, 9:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Abraham A. Navarro
Chief Public Defender
Clark County Public Defender Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stanley Harris,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

April 11, 2018

Court of Appeals Case No.
10A04-1709-CR-2216

Appeal from the Clark Circuit Court

The Hon. Joseph P. Weber, Judge

Trial Court Cause No.
10C03-1609-CM-1923

**Bradford, Judge.**

# Case Summary

In August of 2016, Indiana State Police Trooper James Ferguson stopped Appellant-Defendant Stanley Harris after noticing Harris speeding and driving erratically. Two open containers of alcohol were found in Harris's vehicle, he smelled of alcohol, he behaved unusually, his clothing was disheveled, and his eyes were bloodshot and glassy. Despite Trooper Ferguson being unable to administer field sobriety tests ("FSTs") or obtain a sufficient breath sample from Harris to analyze for alcohol, the State charged Harris with Class A misdemeanor operating a vehicle while intoxicated ("OWI") endangering a person, and the trial court found him guilty as charged. Harris contends that the State produced insufficient evidence to establish that he intoxicated when stopped. Because we disagree, we affirm.

# Facts and Procedural History

Early in the morning of August 26, 2016, Trooper Ferguson encountered Harris in Clark County driving a van seventy-one miles per hour in a thirty-five-miles-per-hour zone. Trooper Ferguson observed Harris veer toward an interstate exit, swerve back over two sets of lane dividers, and straddle the dashed lane dividers. Based on his observations, Trooper Ferguson believed that the driver of the van was impaired. After Trooper Ferguson activated his emergency lights and siren, it took Harris approximately a minute to stop. When Harris stopped, he swung open his door and started to exit the van, which was highly unusual in Trooper Ferguson's experience.

[3]     When Trooper Ferguson asked Harris if he had been drinking, Harris admitted that he had. Trooper Ferguson noticed that Harris's breath and body smelled like alcohol. Harris's shirt was unbuttoned, his clothing "unorganized[,]" and his eyes bloodshot and glassy. Tr. Vol. II p. 20. Trooper Ferguson tried to administer FSTs, but Harris claimed that he an "eye issue" caused by a head injury, so Trooper Ferguson did not administer the horizontal gaze nystagmus test. Trooper Ferguson did not administer the other FSTs because Harris also claimed to have a back injury. After administering a portable breath test at the scene, Trooper Ferguson took Harris into custody. An inventory of Harris's van revealed a partially consumed can of beer and a partially consumed "small bottle of fireball brand liquor." Tr. Vol. I p. 26–27. At the county jail, three times Harris failed to provide a sufficient sample for the chemical breath test. Based on Trooper Ferguson's observations, Harris was booked for OWI.

[4]     On September 7, 2016, the State charged Harris with Class A misdemeanor OWI. After the State presented evidence at the bench trial held on September 26, 2017, Harris moved for a directed verdict, which the trial court denied. Harris then testified on his own behalf. After presentation of the evidence, the trial court found Harris guilty as charged and sentenced him to one year of probation.

# Discussion and Decision

[5]     Harris contends that the trial court erred in denying his motion for directed verdict and that the State failed to produce evidence sufficient to sustain the

trial court's finding that he was intoxicated when Trooper Ferguson stopped him. As for Harris's claim related to his motion for directed verdict, Harris presented evidence on his own behalf following the trial court's denial of his motion, he has waived the issue for appellate review and we treat this issue as one of general insufficiency of the evidence. *See Farris v. State*, 753 N.E.2d 641, 647 (Ind. 2001).

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146–47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State,* 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). "We will not reweigh conflicting evidence or judge the credibility of witnesses." *Heaton v. State*, 483 N.E.2d 58, 59 (Ind. 1985).

[6] To convict Harris of Class A misdemeanor OWI, the State was required to prove that he "operate[d] a vehicle while intoxicated … in a manner that

endangers a person." Ind. Code § 9-30-5-2 (2016). Harris challenges only the sufficiency of the evidence tending to show intoxication. A person is intoxicated if he is "under the influence of ... alcohol ... so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86. The State can prove impairment "by evidence of the following: '(1) the consumption of a significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; and (6) slurred speech.'" *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009) (quoting *Fought v. State*, 898 N.E.2d 447, 451 (Ind. Ct. App. 2008)), *affirmed by* 929 N.E.2d 196 (Ind. 2010).

[7] The State submitted ample evidence that Harris was impaired. Harris admitted at the scene and at trial that he had been drinking; his breath and body smelled like alcohol; and there were open, partially consumed containers of beer and whiskey in his van. Harris's eyes were bloodshot and glassy, and his clothing was disheveled. Moreover, Harris showed impaired attention and reflexes. Even before Trooper Ferguson activated his lights and siren, Harris veered toward an interstate exit before swerving back over across two sets of lane dividers and straddling the dashed lane dividers. After Trooper Ferguson activated his lights and siren, Harris took an inordinate amount of time to stop. After Harris stopped, he swung open his van's door and partially stepped out of the van, which Trooper Ferguson testified was "highly unusual." Tr. Vol. II p. 46. Harris could not perform any of the FSTs or provide a sufficient sample to

administer a breath test. Trooper Ferguson testified that, based on his training and experience, he believed that Harris was intoxicated. In light of this evidence, we conclude that the trial court could have reasonably concluded beyond a reasonable doubt that Harris was intoxicated. Harris's argument amounts to nothing more than a request to reweigh the evidence, which this court will not do. *See Farris*, 753 N.E.2d at 647.

[8] We affirm the judgment of the trial court.

Baker, J., and Kirsch, J., concur.